UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO ROSADO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, WANG HONG JUN, ZHANG YANG, JU GUIZHI,<br><br>　　　　　Defendants. | Civil Action No. 10-cv-4577 (MGC) |
| STEVEN WEISSMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, HONGJUN WANG, YANG ZHANG, GUIZHI JU,<br><br>　　　　　Defendants. | Civil Action No. 10-cv-4775 (MGC) |
| TONY MOORE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, WANG HONG JUN, ZHANG YANG DIO, JU GUIZHI,<br><br>　　　　　Defendants. | Civil Action No. 10-cv-5263 (MGC) |

**MEMORANDUM OF LAW IN SUPPORT OF GEOFFREY D. CLEALL AND ACTICON AG'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF COUNSEL**

Geoffrey D. Cleall ("Cleall") and Acticon AG ("Acticon") respectfully submit this memorandum in support of their motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities

Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Cleall and Acticon as Lead Plaintiffs of a class of purchasers of the securities of China North East Petroleum Holdings Limited ("China North East" or the "Company"); (3) approving their selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

A total of at least three securities class actions[1] have been filed in the Southern District of New York. The three actions are on behalf of persons who purchased or otherwise acquired China North East securities during the period between August 14, 2009 and May 26, 2010 (the "Class Period"). All raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Cleall and Acticon, with losses of approximately $184,198 in connection with their purchases of China North East during the Class Period, are adequate and typical to serve as lead plaintiffs. Cleall and Acticon believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs in this action. Cleall and Acticon have the largest financial interest in the relief sought in this action by virtue of their substantial investments in China North

---

[1] The actions are entitled: *Rosado v. China North East Petroleum Holdings Limited.*, 10-cv-4577-MGC; *Weissmann v. China North East Petroleum Holdings Limited.*, 10-cv-4775-MGC; and *Moore v. China North East Petroleum Holdings Limited.*, 10-cv-5263-MGC.

East during the Class Period and the losses they suffered as a result of Defendants' misconduct. Cleall and Acticon further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate loss representatives with claims typical of the other Class members. Accordingly, Cleall and Acticon respectfully submit that they should be appointed Lead Plaintiffs.

## FACTUAL BACKGROUND

China North is engaged in the exploration and production of crude oil in Northern China. As of December 31, 2008, the Company operated 247 producing wells located in four oilfields in Northern China. The Company, through two of its subsidiaries, Songyuan Yu Qiao Oil and Gas Development Ltd. Corp. and Longde Oil and Gas Development Co. Limited, sells the crude oil production for use in the China marketplace.

Throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that (1) the Company's top executive and a director engineered improper cash transfers between bank accounts of the Company and their personal accounts; (2) the Company improperly accounted for certain warrants as liability instruments rather than equity instruments; (3) the Company improperly calculated the net carrying value of its oil and gas properties; (4) the Company had internal and disclosure controls with respect to its business development activities, and accounting of its accounts payables were materially deficient; (5) as a result of the foregoing, China North's financial statements were not fairly presented in conformity with Generally Accepted Accounting Principles and were materially false and misleading; and (6) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On March 8, 2010, China North East disclosed that the Company had determined that its financial statements for the year ended December 31, 2008, and each interim quarter within that year, and for the quarters ended March 31, 2009, June 30, 2009 and September 30, 2009 should no longer be relied upon, and should be restated as a result of certain non-cash errors contained therein regarding the accounting for: (i) warrants issued in conjunction with a secured debenture on February 28, 2008, which warrants should have been classified according to Emerging Issues Task Force 00-19 as liability instruments rather than equity instruments; (ii) the change in the fair value of those warrants from the date of issuance through the end of the reporting period; (iii) effective interest expense arising from amortization of the discount to the carrying value of the secured debenture; (iv) the recording of warrants issued to investment consultants in connection with the secured debenture as deferred financing costs instead of consulting fees; (v) the amount of amortization of deferred financing costs associated with the issuance of that secured debenture; (vi) amounts payable to a consultant included in accrued liabilities; (vii) compensation issued to employees in the form of stock; (viii) depreciation, depletion and amortization of oil producing properties; (ix) ceiling test reduction of the net carrying value of oil producing properties; (x) income tax expense for the above items; and (xi) minority interests for certain of the above items. As it was further disclosed on April 20, 2010, the total adjustment to the Company's net income for the year 2008 and the first three quarters of 2009 was estimated to be more than $28 million.

On May 25, 2010, AMEX halted the China North East's stock for non-compliance with AMEX's listing criteria. China North East stock has not resumed trading since that time. On May 27, 2010, the Company disclosed the resignation of its Chairman of the Board, CFO, a director, and the placement of the CEO on administrative leave pending the outcome of the

current forensic audit. The forensic audit preliminarily found that in 2009, cash transfers occurred between the bank accounts of the Company and its subsidiaries and the personal bank accounts of the Company's CEO and a director who is also the mother of the CEO.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed...." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from China North East's disclosure concerning certain errors related to the accounting of the Company's inventory and cost of sales. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.  CLEALL AND ACTICON SHOULD BE APPOINTED LEAD PLAINTIFFS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Cleall and Acticon satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### A.  Cleall and Acticon Are Willing to Serve as Lead Plaintiffs

On June 12, 2010, counsel in the filed action against the defendants, styled *Rosado v. China North East Petroleum Holdings Limited*, Case No. 10-cv-04577-MGC, caused a notice ("Notice") to be published over *Business Wire* pursuant to Sections 21D(a)(3)(A)(i) of the

6

PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of China North East securities that they had until August 10, 2010, to file a motion to be appointed as Lead Plaintiff. *See* Notice attached hereto as Exhibit 1.

Cleall and Acticon have filed the instant motion pursuant to the Notice, and have attached their Certifications attesting that they are willing to serve as Lead Plaintiffs for the Class and are willing to provide testimonies at deposition and trial, if necessary. *See* Certifications attached hereto as Exhibit 2. Accordingly, Cleall and Acticon satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B.   Cleall and Acticon Have The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, Cleall and Acticon believe that they have the largest financial interest of any of the movants with regard to the relief sought by the Class. Cleall (1) purchased 65,000 shares of China North East securities; (2) spent $595,861 on his purchases of China North East securities; (3) retained 22,100 shares; and (4) suffered a loss of $79,248 as a result of the disclosure of the fraud. Acticon (1) purchased 60,000 shares of China North East securities; (2) spent $434,950 on its purchases of China North East securities; (3) retained all of its shares; and (4) suffered a loss of $104,950 as a result of the disclosure of the fraud. Collectively, Cleall and Acticon have total losses of $184,198. *See* Chart attached hereto as Exhibit 3.

*See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). Because Cleall and Acticon possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Cleall and Acticon Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v.*

*Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id. See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

Cleall and Acticon's claims are typical of those of the Class. They allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning China North East, or omitted to state material facts necessary to make the statements they did make not misleading. Cleall and Acticon, as did all members of the Class, purchased China North East securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

9

...

class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Cleall and Acticon are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, they have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C. Cleall and Acticon Will Fairly and Adequately Represent Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Cleall and Acticon as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Their ability and desire to fairly and adequately represent the Class have been discussed above. Cleall and Acticon are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Cleall and Acticon should be appointed Lead Plaintiffs for the Class.

### III. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead

Plaintiffs' selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Cleall and Acticon have selected the Pomerantz law firm as Lead Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Pomerantz Resume attached hereto as Exhibit 4. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Cleall's and Acticon's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Cleall's and Acticon's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Cleall and Acticon respectfully request the Court to issue an Order (1) consolidating the related actions; (2) appointing Cleall and Acticon as Lead Plaintiffs for the Class; (3) approving the Pomerantz firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  August 10, 2010
        New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK
GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100

Facsimile: (212) 661-8665

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:   (312) 377-1181
Facsimile:   (312) 377-1184

*Attorneys for Geoffrey D. Cleall and Acticon AG*