UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO ROSADO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, WANG HONG JUN, ZHANG YANG, and JU GUIZHI, <br><br> Defendants. | Case No. 10-cv-4577 (MGC) |

[Additional Captions Follow]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PROPOSED
LEAD PLAINTIFF GEORGE STRUM FOR CONSOLIDATION, APPOINTMENT AS
LEAD PLAINTIFF AND THE APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| STEVEN WEISSMANN, On Behalf of Himself And All Others Similarly Situated, | ) Case No. 10-cv-4775 (MGC) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, HONGJUN WANG, YANG ZHANG, and GUIZHI JU, | ) ) ) ) |
| Defendants. | ) |

| | |
|---|---|
| TONY MOORE, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 10-cv-5263 (MGC) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, WANG HONG JUN, ZHANG YANG DIO, and JU GUIZHI, | ) ) ) ) |
| Defendants. | ) |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      POINT I -     THE ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . 4

      POINT II -    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . . . . . . 4

      A.       The Procedure Required By The PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.       Movant Satisfies The "Lead Plaintiff" Requirements Of The PSLRA . . . . . . . . 6

            1.       Movant Has Complied With The PSLRA
                   And Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . 6

            2.       Movant Has The Largest Financial Interest
                   In The Relief Sought By The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            3.       Movant Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      POINT III -   THE COURT SHOULD APPROVE MOVANT'S
                          CHOICE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Proposed Lead Plaintiff George Strum ("Movant") hereby respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the captioned actions; (ii) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Movant's selection of Weiss & Lurie and Stull, Stull & Brody as Co-Lead Counsel.

## INTRODUCTION

This is a class action brought on behalf of shareholders who purchased China North East Petroleum Holdings Limited ("China North" or the "Company") common stock between August 14, 2009 and May 26, 2010 (the "Class Period"). The Class is seeking to pursue remedies under Rule 10b-5 and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as well as the strict liability provisions of the Securities Act of 1933 (the "Securities Act") 15 U.S.C. §§ 77k, 77*l* and 77o, which provides liability for securities sold pursuant to a false and misleading Registration Statement and/or Prospectus.

Movant has suffered significant damages as a result of Defendants' misconduct.  Movant now seeks consolidation of the captioned actions and to be appointed as Lead Plaintiff thereof. Additionally, Movant seeks Court approval of his selection of Weiss & Lurie and Stull, Stull & Brody as Co-Lead Counsel.  As discussed below, Movant has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff.

# PROCEDURAL BACKGROUND

On or about June 11, 2010 the first action, captioned Rosado v. China North East Petroleum Holdings Limited et al., Case No. 10-cv-4577, was filed against China North and various defendants in this Court. On June 11, 2010, later that day, notice of the pendency of the Rosado action was published on BusinessWire, advising members of the class of their right to move the Court to serve as lead plaintiff no later than sixty (60) days from the date of publication of the Notice, i.e., by August 10, 2010. Subsequently, two additional related actions were filed in this Court.[1] Pursuant to the Private Securities Litigation Reform Act, Movant submits this memorandum of law in support of his motion for appointment as Lead Plaintiff and approval of his selection of counsel.

# STATEMENT OF FACTS

China North is an independent, non-state-owned oil production company that engages in oil drilling project management including the exploration and the extraction of crude oil in proven oilfields in Northern China. As of December 31, 2008, the Company operated 247 producing wells located in four oilfields in Northern China.

On February 23, 2010, China North shocked investors when it announced that it would be revising its previously issued financial statements for 2008 and 2009 because of certain "non-cash accounting adjustments." Upon the release of this news, shares of the Company's stock declined $0.69 per share, or 7.36 percent, to close on February 24, 2010 at $8.68 per share, on unusually heavy trading volume. Subsequently, on April 15, 2010, China North announced that

---

[1] The captions for the two additional Southern District cases, in chronological order, are: Weissmann v. China North East Petroleum Holdings Limited, et al., Case No. 10-cv-4775; and Moore v. China North East Petroleum Holdings Limited, et al., Case No. 10-cv-5263.

2

it would be delaying the filing of its annual report for fiscal year 2009 and that it would be postponing the release date for its 2009 financial results. On this news the Company's stock fell $0.75 per share, or 7.61 percent, to close on April 15, 2010 at $9.10 per share. The following day, on April 16, 2010, China North disclosed that it had discovered additional accounting issues and that it had received notice that it was not in compliance with the continuing listing criteria of NYSE Amex Equities Exchange ("AMEX"). On this news, the Company's stock fell an additional $0.39 per share, or 4.29 percent, to close on April 16, 2010 at $8.71 per share.

On May 25, 2010, the Company's shares ceased trading as a result of its continuing non-compliance with AMEX listing criteria. The closing price then was $5.50 per share and, as of the date of this motion, the Company's shares have still not resumed trading.

On May 27, 2010, China North issued a press release disclosing that in 2009, a Company officer and a Company director had engineered significant improper cash transfers between bank accounts of the Company and their personal accounts. The Company also disclosed that its Chief Executive Officer ("CEO") was placed on administrative leave and that he had stepped down as Chairman of the Board, both pending the outcome of the Company's forensic audit. In addition, the Company announced that its Chief Financial Officer ("CFO") and a director had resigned.

Throughout the Class period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that a Company officer and a Company director engineered significant improper cash transfers between the Company's bank accounts and their personal accounts; (2) that the Company's financial statements were not prepared in accordance with Generally Accepted

3

Accounting Principles ("GAAP"); (3) that the Company lacked adequate internal and financial controls; and (4) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the steep decline in the share price of China North securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED

The captioned actions involve class action claims on behalf of the purchasers of China North securities and assert essentially similar and overlapping class claims for relief brought on behalf of the purchasers of China North securities.  Consolidation is appropriate where, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990).  That test is met here and the Actions should be consolidated.

### POINT II

### MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

**A.    The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 77z-1(a)(1) (Securities Act).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the Rosado action caused notice to be published on BusinessWire on June 11, 2010.[2]  See Declaration of Joseph H. Weiss ("Weiss Decl."), Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 77z-1 (a)(3)(A) and (B); 15 U.S.C. § 78u-4 (a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 77z-1 (a)(3)(B); 15 U.S.C. § 78u-4 (a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[2] Wire services have consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997).

15 U.S.C. § 78u-4 (a)(3)(B)(iii).  <u>See</u> generally <u>Greebel v. FTP Software</u>, 939 F. Supp. 57, 64 (D. Mass. 1996).

      **B.**      **Movant Satisfies The "Lead Plaintiff" Requirements Of The PSLRA**

            **1.**      **Movant Has Complied With The PSLRA And Should Be Appointed Lead Plaintiff**

      The time period in which class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on August 10, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 11, 2010), Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

      Movant is willing to serve as a representative party on behalf of the Class as evidenced by his duly executed certification.  <u>See</u> Weiss Decl. Ex. B.  In addition, Movant has selected and retained experienced and competent counsel to represent him and the Class.  <u>See</u> Weiss Decl. Exs. D and E.

      Accordingly, Movant has satisfied the individual requirements of  15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a) (3)(B) and is entitled to have his application for appointment as Lead Plaintiff and his selection of Lead Counsel, as set forth herein, considered and approved by the Court.

            **2.**      **Movant Has The Largest Financial Interest In The Relief Sought By The Class**

      According to  15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a)(3)(B), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the class.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant suffered significant damages as a result of Defendants' misconduct.  <u>See</u> Weiss Decl. Ex. C.

Moreover, Movant is unaware of any other plaintiff or lead plaintiff applicant who has a larger financial interest in the relief sought.  As such, Movant has the greatest financial interest in the relief sought by the class in this litigation.  Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a)(3)(B) .

### 3. Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1 (a) (3)(B) and 15 U.S.C. § 78u-4 (a) (3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should focus its inquiry on the typicality and adequacy prongs of Rule 23(a).  <u>Lax v. First Merchants</u>, 1997 U.S. Dist. LEXIS 11866, at *20; <u>Fischler v. Amsouth Bancorporation</u>, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla.

7

Feb. 6, 1997).

Here, the Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992); See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D 562, 582 (S.D.N.Y. 1984).

As set forth above, Movant seeks to represent a class of investors in China North common stock pursuing claims under the Securities and Exchange Act. Thus, typicality is satisfied since the claims asserted by Movant arises "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to

8

vigorously conduct the proposed litigation.  <u>Garfinkel v. Memory Metals, Inc.</u>, 695 F. Supp. 1397, 1405 (D. Conn. 1988).

      Here, Movant is the most adequate representative of the Class.  The interests of Movant are clearly aligned with the members of the Class and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class he seeks to represent.  In addition, as shown below, Movant's proposed Co-Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Movant <u>prima facie</u> satisfies the typicality and adequacy requirements of Rule 23.

**POINT III**

**<u>THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL</u>**

      Pursuant to 15 U.S.C. § 77z-1 (a)(3)(B)(v) and 15 U.S.C. § 78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, Movant have selected Weiss & Lurie and Stull, Stull & Brody to serve as Co-Lead Counsel.  Weiss & Lurie and Stull, Stull & Brody have extensive experience in successfully prosecuting shareholder and other class actions, and have frequently appeared in major actions in this and other courts.  <u>See</u> Weiss Decl. Exs. D and E.

## **CONCLUSION**

For all the foregoing reasons, Movant respectfully requests that the Court grant his request for consolidation, appointment as Lead Plaintiff and approval of his selection of Co-Lead Counsel.

Dated: August 10, 2010

                                                    WEISS & LURIE

                                    By: /s/ Joseph H. Weiss
                                             Joseph H. Weiss
                                             Mark D. Smilow
                                             Joshua M. Rubin
                                             WEISS & LURIE
                                             551 Fifth Avenue
                                             New York, New York 10176
                                             (212) 682-3025
                                             (212) 682-3010 (Fax)

                                             Jules Brody
                                             STULL STULL & BRODY
                                             6 East 45th Street
                                             New York, New York 10017
                                             (212) 687-7230
                                             (212) 490-2022 (Fax)

                                             Attorneys for Movant
                                             George Strum