**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
350 5th Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| RICARDO ROSADO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4577 (MGC) <br><br> CLASS ACTION |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOHAMED ELKHOGA TO (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| vs. | |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, WANG HONG JUN, ZHANG YANG, AND JU GUIZHI, | |
| Defendants. | |

-----------------------------------------------------------------X

| | |
|---|---|
| STEVEN WEISSMANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4775 (MGC) <br><br> CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, HONGJUN WANG, YANG ZHANG, AND GUIZHI JU, | |
| Defendants. | |

-----------------------------------------------------------------X

1

```
-----------------------------------------------------------X
TONY MOORE, INDIVIDUALLY AND ON              Case No.: 10-CV-5263 (MGC)
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,                                    CLASS ACTION

            Plaintiff,

      vs.

CHINA NORTH EAST PETROLEUM HOLDINGS
LIMITED, WANG HONG JUN, ZHANG YANG
DIO, AND JU GUIZHI,

            Defendants.
-----------------------------------------------------------X
```

Mohamed Elkhoga respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

      (1)    consolidating the above-captioned related actions;

      (2)    appointing Mr. Elkhoga as Lead Plaintiff for the class of all purchasers of the shares of China North East Petroleum Holdings, Ltd. ("NEP", "China North", or the "Company") during the period between August 14, 2009 and May 26, 2010, inclusive (the "Class Period"); and

      (3) approving Mr. Elkhoga's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

China North East Petroleum Holdings, Ltd., through its various operating subsidiaries, engages in the exploration and production of crude oil in the People's Republic of China. The Company's common stock is listed on the NYSE Alternext (AMEX) under ticker "NEP."

The related actions allege that China North and certain of its present and former officers and directors violated federal securities laws through the issuance of false and misleading financial information to investors. According to the complaints, on May 27, 2010, China North filed an 8-K with the SEC providing further information concerning the Company's internal review of its prior financial statements. In this announcement, the Company revealed that it had discovered certain cash transfers in 2009 between bank accounts of the Company and its subsidiaries, and the personal accounts of a certain Company officer and a Company director. The announcement also revealed that the Company's CFO and a director had resigned. China North also announced that its CEO was placed on administrative leave, and that he stepped down as Chairman of the Board, both pending the outcome of the Company's forensic audit. As a result of these adverse events, China North's stock was halted from trading on May 25, 2010. The last trade price on that day was $5.20 per share. China North's stock remains halted. Consequently, investors who still hold shares have illiquid shares which are nearly worthless.

On June 11, 2010, the Rosen Law Firm commenced the first of these actions against China North East and certain of its present and former officers and directors for violation of the Sections 10(b), Rule 10b-5 thereunder, and 20(a) of the Exchange Act. That same day, The Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the allegations and claims in the first-filed action, and the deadline for shareholders to seek appointment as lead plaintiff. *See* Declaration of Phillip Kim filed herewith, ("Kim Decl."), Ex. 1.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MR. ELKHOGA SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Mr. Elkhoga satisfies all of these criteria and is thereby entitled to the presumption that he is the most adequate plaintiff of the class, and that he, as a result, should be appointed Lead Plaintiff.

### A. Mr. Elkhoga is Willing to Serve as Class Representative

Mr. Elkhoga has filed the instant motion and certification attesting his willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, Mr. Elkhoga satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Mr. Elkhoga Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The PSLRA does not specify a method for calculating the largest financial interest, thus, "many courts, including Courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), and later in *In re Olsten*, 3 F.Supp.2d at 295 (the "Olsten-Lax Test.")." *Fuwei Filims*, 247

5

F.R.D. at 436-37. The Olsten-Lax factors are "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.,* at 437 (citations omitted). Movant's Olsten-Lax Test analysis is as follows:

| SHARES PURCHASED DURING CLASS PERIOD | NET SHARES PURCHASED DURING CLASS PERIOD | TOTAL NET FUNDS EXPENDED DURING CLASS PERIOD | APPROXIMATE LOSSES |
|---|---|---|---|
| 63,440 | 36,290 | $265,862.50 | $77,154.60 (at halted price) $265,862.60 (at illiquid price)[1] |

Mr. Elkhoga is not aware of any other movant that has a larger financial interest in NEP stock during the Class Period. Accordingly, Mr. Elkhoga satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.  Mr. Elkhoga Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] Movant's losses for held shares have been determined utilizing two values. The first being the last trade price ($5.20) on May 25, 2010--the day China North East stock was halted. The second being the current illiquid value of $0.00 per share because the Company's stock remains halted.

6

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *Id.*, at 437; *Oxford Health Plans*, 182 F.R.D. at 49.

Mr. Elkhoga fulfills the requirements of Rule 23.  Each of his claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class.  Mr. Elkhoga and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about NEP's business.  Mr. Elkhoga, as did all of the members of the class, purchased NEP shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Elkhoga and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Mr. Elkhoga Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Mr. Elkhoga as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mr. Elkhoga's ability and desire to fairly and adequately represent the class have been discussed above, in Section C.  Mr. Elkhoga is not aware of any unique defenses that defendants could raise against him that would render him inadequate to represent the class.  Accordingly, the Court should appoint Mr. Elkhoga as Lead Plaintiff for the class.

## III.   MR. ELKHOGA'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Elkhoga has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Mr. Elkhoga's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's

selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Mr. Elkhoga respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing him as Lead Plaintiff of the class; (3) approving his selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.


Dated: August 10, 2010                           Respectfully submitted,


                                                 **THE ROSEN LAW FIRM, P.A.**


                                                      /s/ Phillip Kim
                                                 Phillip Kim, Esq. (PK 9384)
                                                 Laurence M. Rosen, Esq. (LR 5733)
                                                 Timothy W. Brown, Esq. (TB 1008)
                                                 350 Fifth Avenue, Suite 5508
                                                 New York, New York 10118
                                                 Telephone: (212) 686-1060
                                                 Fax: (212) 202-3827
                                                 Email: pkim@rosenlegal.com
                                                 Email: lrosen@rosenlegal.com
                                                 Email: tbrown@rosenlegal.com


                                                 [Proposed] Lead Counsel for Plaintiffs and Class

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on this, the 10th day of August, 2010, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


               <u>/s/ Phillip Kim     </u>