**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re China North East Petroleum Holdings Limited Securities Litigation** | No. 10-CV-04577 (MGC) (THK) ECF Case <br><br> <u>CLASS ACTION</u> |
| **THIS DOCUMENT RELATES TO:** <br><br> **All Actions** | |

**MEMORANDUM OF LAW OF DEFENDANT**
**CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED**
**REGARDING APPLICATION OF AUTOMATIC STAY PROVISIONS**
**OF PSLRA TO FEDERAL RULE OF PROCEDURE 26(a)(1)**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT .................................................................................................... 2

    A.  The Stay Provisions of the PSLRA Implement An Important Congressional Policy: Complaints Invoking the Exchange Act Should Be Scrutinized for Threshold Viability *Before* Defendants Are Required to Provide Their Records to Plaintiffs...... 2

    B.  The Reference to "All Discovery" in the Automatic Stay Provisions of the PSLRA Includes Rule 26(a)(1) Initial Disclosures. ................................................................. 5

    C.  Even if Rule 26 Disclosures Were Not Included in the PSLRA Phrase "All Discovery," They Undeniably Would Fall Within the Phrase "Other Proceedings." .. 9

    D.  Exempting Rule 26 Disclosures from the Automatic Stay Provisions of the PSLRA Would Undermine Congressional Purpose. ............................................................. 11

    E.  Applicable Decisional Law Also Compels the Conclusion that the Automatic Stay Provisions of the PSLRA Include Rule 26(a)(1) Disclosures.................................... 13

III. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 300 (2d Cir. 2009)..........................7

*Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-17 (1980) .........................................8

*Aquila, LLC v. City of Bangor,* No. CV-08-64-B-W, 2009 U.S. Dist. LEXIS 94341, at *9-10 (D. Me. Oct. 9, 2009)......................................................................................................6

*Argonaut Ins. Co. v. I.E., Inc.*, No. 97-4636, 1999 U.S. Dist. LEXIS 3169, at *3 (E.D. Pa. Mar. 11, 1999)..............................................................................................................6

*Bob Jones University v. United States*,  461 U.S. 574, 592 n.19 (1983) ......................11

*Canada Inc., et al.* v. *Aspen Technology, Inc., et al.*, No. 07 Civ 1204, 2007 U.S. Dist. LEXIS 51920, at *5-6 (S.D.N.Y 2007)..............................................................................3

*Chavis v. Chappius*, 618 F.3d 162, 168 (2d Cir. 2010) .................................................9

*City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003)...........7

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041, 2047, 156 L. Ed. 2d 18 (2003) .......................................................................................................9

*Day v. Consolidated Rail Corp.*, 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y. May 15, 1996)...........7

*Dole v. United Steelworkers of America*, 494 U.S. 26, 35 (1990)................................11

*Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 609 F.3d 111, 122 (2d Cir. 2010) ...........................................................................................................................5

*Faulkner v. Verizon Comm'ns, Inc.*, 156 F. Supp.2d 384, 402 (S.D.N.Y. 2001) ...........................4

*Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 34 n.10 (1st Cir. 2004) ......................6

*Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir. 1996)........................................9

*Hilliard v. Black*, 125 F. Supp. 2d 1071, 1084 (N.D. Fla. 2000*)*.................................13

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 02 Civ. 5575(SWK), 2003 WL 21729842, at *1 (S.D.N.Y.  July 25, 2003) .................................................................4

*In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D.Md. 2000) ...........................1

*In re Comdisco Sec.  Litig.*, 166 F. Supp. 2d 1260 (N.D. Ill. 2001) ..............................15

*In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) ......................3

*In Re Safeguard Self-Storage Trust*, 2 F.3d 967, 970 (9th Cir. 1993) ...........................7

*In re Trump Hotel Shareholder Derivative Litig.*, No. 96 Civ. 7820, 1997 U.S. Dist. LEXIS 11353, (S.D.N.Y. Aug. 5, 1997) ....................................................................................3

*In re Valence Technology Securities Litigation*, [1994-95 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 98,487 (N.D. Cal. Nov. 18, 1994)........................................................................7

*In re: Initial Public Offering Securities Litigation*, 236 F. Supp. 286 (S.D.N.Y. 2002) .............13

*Kelleher, et al. v. Advo, Inc., et al.*, No. 06 Civ. 01422, 2007 U.S. Dist. LEXIS 30309, at *10-11 (D.Conn. 2007) ................................................................................................1

*Kennedy v. Lockyer*, 379 F.3d 1041 (9th Cir. 2004).....................................................9

*Local Union No. 38 v. Pelella*, 350 F.3d 73, 82-83 (2d Cir. 2003) ..............................11

*Mack v. Ryder Truck Rental, Inc.*, No. 95 Civ. 2637, 1996 U.S. Dist. LEXIS 6124, at *1-2 (E.D. Pa. May 2, 1996)..........................................................................................................7

*McFarlane v. Ben-Menashe*, 1995 U.S. Dist. LEXIS 3463, at *6 (D.D.C. Mar. 16, 1995)...........6

*McKowan Lowe & Co. v. Jasmine, Ltd.*, 976 F. Supp. 293, 298 (D. N. J. 1998)........................13

*Medhekar v. U. S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 326 (9th Cir. 1996).................................................................................. 4, 13, 14, 15

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81-82 (2006)......................2

*Moskal v. United States*, 498 U.S. 103, 109 (1990)...................................................................... 10

*Nicolaou v. Horizon Media, Inc.*, 402 F.3d 325, 329 (2d Cir. 2005).......................................... 9

*Overseas Educ. Ass'n v. Federal Labor Relations Authority*, 961 F.2d 36, 40 (2d Cir. 1992) .... 10

*Pedroli v. Bartek*, 251 F.R.D. 229, 230-231 (E.D. Tex. 2007)...................................................... 13

*Perrin v. United States*, 444 U.S. 37, 42 (1979) ............................................................................ 5

*Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)...................... 3, 4

*Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) .................................................................... 10

*S&M Investment Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 327 (9th Cir. 1990) .... 5

*Scheetz v. Bridgestone Firestone*, 152 F.R.D. 628 (D. Mont. 1993) ............................................ 7

*Smiley v. City of Philadelphia*, No. 95-0804, 1995  U.S. Dist. LEXIS 15980, at *3
    (E.D. Pa. Oct. 30, 1995)............................................................................................................ 6

*Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-23
    (2d Cir. 2003).......................................................................................................................... 2, 4

*Taydus v. Cisneros*, 902 F. Supp. 288, 298 (D. Mass. 1995)........................................................ 6

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001)............. 4

*Train v. Colorado Public Interest Research Group*, 426 U.S. 1, 10 (1976)................................. 11

*Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3, 4 (D. Mass. 1996) ..................................................... 6

*United States v. Amato*, 540 F.3d 153, 160 (2d Cir. 2008) ......................................................... 10

*United States v. American Trucking Ass'n.*, 310 U.S. 534, 543 (1940)........................................ 11

*United States v. Perdue Farms*, 680 F.2d 277, 280 (2d Cir. 1982) ............................................. 11

*United States v. Roberts*, Nos. 95 Civ 7158, 95 Civ 7168, 1996 U.S. App. LEXIS 16250,
    at *8 (10th Cir. July 8, 1996) .................................................................................................... 5

*United States v. Smith*, 499 U.S. 160, 167 (1991) ......................................................................... 8

*Viacom Int'l Inc. v. F.C.C.*, 672 F.2d 1034, 1040 (2d Cir. 1982)................................................. 11

*Watts v. Healthdyne, Inc.*, 1995 U.S. Dist. LEXIS 9818, at *5 (D. Kan. June 29, 1995).............. 6

*Woods v. Simpson*, 46 F. 3d 21, 23-24 (6th Cir. 1995) ................................................................ 10

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B)............................................................................................................ 4

15 U.S.C. §§ 77z-1 and 78u-4....................................................................................................... 4

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 16(b), 26(f) ......................................................................................................... 17

Fed. R. Civ. P. 26........................................................................................................... 11,15,17

Securities Exchange Act of 1934 .................................................................................................. 4

**Reports**

146 F.R.D 401, 510 (1993) .......................................................................................................... 10

139 Cong. Rec. H8744-01, H8746 (daily ed. Nov. 3, 1993) ....................................................... 10

141 Cong. Rec. S19146, S19151 (daily ed. December 22, 1995) ............................................... 15

24 Media L. Rep. (BNA) 1049 (D.D.C. 1995) ............................................................................ 10

H.R. Rep. No. 104-369, at 31-32 (1995) (Conf. Rep.) ............................................................ 5, 7

S. Rep. No. 104-98, 14 (1995) .................................................................................................. 5, 7

**Other Authorities**

2A Norman J. Singer, Sutherland Statutory Construction § 47.17 (5th Ed. 1992) ...................... 10

8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure*, § 2053 at 635
   (1994) .................................................................................................................................... 7

Griffin B. Bell, et al., *Automatic Disclosure in Discovery – The Rush to Reform*,
   27 Ga. L. Rev. 1(1992) ........................................................................................................ 7

Linda S. Mullen, *Hope Over Experience: Mandatory Informal Discovery and the Politics of
   Rulemaking*, 69 N.C.L. Rev 795 (1991) ............................................................................. 7

Moore, *Federal Practice*, § 26.05[4] at 26-91 (2004) ................................................................ 7

Rochelle C. Dreyfuss, *The What and Why of the New Discovery Rules,* 46 Fla. L.
   Rev. 9 (1994) ........................................................................................................................ 7

## I.      INTRODUCTION

At a recent hearing, the Court *sua sponte* broached the interplay between Federal Rule of Civil Procedure 26(a) (1) ("Rule 26") and the Private Securities Litigation Reform Act of 1995, codified in part at 15 U.S.C. §§ 77z-1 and 78u-4 ("PSLRA").  The specific question the Court raised is whether the "initial disclosure" obligations of Rule 26 are subject to the automatic stay provisions of the PSLRA.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  At the invitation of the Court, we respectfully submit this memorandum to address the issue.

There is no question that the automatic stay provisions of the PSLRA apply to this consolidated securities class action.  The PSLRA stay applies to "any private action" that arises under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as this action does, and operates "during the pendency of any motion to dismiss."  The "mere indication" that defendants intend to file a motion to dismiss triggers application of the automatic stay provisions.  *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D.Md. 2000). *See also Kelleher, et al. v. Advo, Inc., et al.*, No. 06 Civ. 01422, 2007 U.S. Dist. LEXIS 30309, at *10-11 (D.Conn. 2007).  Defendants have stated an intention to file a motion to dismiss.

The only question therefore is whether the automatic stay provisions include the initial disclosure obligations under Rule 26 to provide documents and other information relevant to the subject matter of this action.  As we show, the automatic stay provisions of the PSLRA trump the Rule 26 obligations that otherwise would arise were this not a PSLRA action.  This follows inescapably from the express language and purposes of the PSLRA, proper application of rules of statutory construction and applicable case authority.

## II.    ARGUMENT

### A.    The Stay Provisions of the PSLRA Implement An Important Congressional Policy: Complaints Invoking the Exchange Act Should Be Scrutinized for Threshold Viability *Before* Defendants Are Required to Provide Their Records to Plaintiffs.

Congress passed the PSLRA in 1995 "to curtail abusive and meritless securities strike suits" brought to extort settlements.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81-82 (2006); *see also* S. Rep. No. 104-98, at 14 (1995); H.R. Rep. No. 104-369, at 37 (1995) (Conf. Rep.).  By enacting the automatic stay provision in response to these well-chronicled and widespread abuses, Congress intended to eliminate the burdens that discovery and other proceedings impose on defendants, at least until the court determines whether a plaintiff has stated a viable claim.  *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-23 (2d Cir. 2003).

As the Supreme Court recently described:

> Policy considerations . . .  prompted Congress, in 1995, to adopt legislation targeted at perceived abuses of the class-action vehicle in litigation involving nationally traded securities. While acknowledging that private securities litigation was "an indispensable tool with which defrauded investors can recover their losses," the House Conference Report accompanying what would later be enacted as the Private Securities Litigation Reform Act of 1995 (Reform Act), 109 Stat. 737 (codified at 15 U. S. C. §§ 77z-1 and 78u-4), identified ways in which the class-action device was being used to injure "the entire U. S. economy." H. R. Rep. No. 104-369, p 31 (1995).  According to the Report, nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests, and "manipulation by class action lawyers of the clients whom they purportedly represent" had become rampant in recent years. *Ibid.* Proponents of the Reform Act argued that these abuses resulted in extortionate settlements, chilled any discussion of issuers' future prospects, and deterred qualified individuals from serving on boards of directors.

*Dabit*, 547 U.S. at 81.

Thus, to eradicate or at least minimize and control this litigation vice, Congress imposed on securities fraud class actions an automatic stay of "all discovery and other proceedings" pending the outcome of motions to dismiss.  The PSLRA specifically provides:

   In any private action arising under this chapter, *all discovery and other proceedings* shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of the party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.  (Emphasis supplied)

   15 U.S.C. § 78u-4(b)(3)(B).

   In enacting this provision, Congress had a dual purpose:  First, Congress wanted "to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement."  Second, Congress wanted "to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding sustainable claims not alleged in the complaint."  *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004).  *See also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (quoting Congress: " entire purpose of the stay provision is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim."  S. Rep. 104-98, at 14 (1995)); *Canada Inc., et al.* v. *Aspen Technology, Inc., et al.*, No. 07 Civ. 1204, 2007 U.S. Dist. LEXIS 51920, at *5-6 (S.D.N.Y 2007).

   Thus, the PSLRA implements a Congressional mandate that district courts have:

   the opportunity in the early stages of litigation to make an initial assessment of the legal sufficiency of any claims before defendants were forced to incur considerable legal fees or, worse, settle claims regardless of their merit in order to avoid the risk of expensive, protracted securities litigation.[1]

*Spielman,* 332 F.3d at 122-23.[2]

---

[1] The stay provision applies with equal force to shareholder derivative actions brought under the Exchange Act.  *In re Trump Hotel Shareholder Derivative Litig.*, No. 96 Civ. 7820, 1997 U.S. Dist. LEXIS 11353, (S.D.N.Y. Aug. 5, 1997).

[2]  Congress determined, and the PSLRA provides, that the discovery stay should apply to all securities class actions unless two narrow statutory exceptions are met:  "…the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice."  15

The automatic stay provisions therefore serve "to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim." *Podany*, 350 F. Supp. 2d at 378 (quoting S. Rep. 104-98, at 14 (1995)); *see also Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001); S. Rep. No. 104-98, 14 (1995); H.R. Rep. No. 104-369, at 31-32 (1995) (Conf. Rep.).

In holding that the PSLRA stay encompasses initial disclosures under Rule 26, the Ninth Circuit succinctly described the Congressional purpose underlying the automatic stay:

> Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than *information* produced by defendants after the action has been filed. (Emphasis supplied)

*Medhekar v. U. S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 326 (9th Cir. 1996). *See also Spielman*, 332 F.3d at 122-23 (PSLRA stay reflects Congress' determination that, in the context of securities class actions, courts should "make an initial assessment of the legal sufficiency of any claims" before the parties exchange information.)

Accordingly, the stay provisions "create a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws." *Podany*, 350 F. Supp. 2d at 378 (emphasis original); *see also In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 02 Civ. 5575(SWK), 2003 WL 21729842, at *1 (S.D.N.Y.  July 25, 2003); *Faulkner v. Verizon Comm'ns, Inc.*, 156 F. Supp.2d 384, 402 (S.D.N.Y. 2001).

---

U.S.C. § 78u-4(b)(3)(B).

**B.    The Reference to "All Discovery" in the Automatic Stay Provisions of the PSLRA Includes Rule 26(a)(1) Initial Disclosures.**

As noted, the mandatory stay provision of the PSLRA applies to "*all discovery and other proceedings*."  15 U.S.C. § 78u-4(b)(3)(B) (emphasis supplied).  Rule 26 disclosures are either "discovery" or a separate "proceeding."  In either case, the automatic stay applies to initial disclosures under Rule 26.

The plain meaning canon of construction requires that a statutory term be given its ordinary and commonly understood meaning, not an esoteric or technical meaning.  *See Perrin v. United States*, 444 U.S. 37, 42 (1979); *Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, 609 F.3d 111, 122 (2d Cir. 2010).  In applying the plain meaning rule to a legal term, courts examine the dictionary meaning of the term as well as the meaning that courts ordinarily ascribe.  *Export-Import Bank Co.*, 609 F.3d at 122 (relying on the Oxford English Dictionary for the ordinary meaning of "substantial interest" as used in the Federal Debt Collection Procedures Act); *S&M Investment Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 327 (9th Cir. 1990), *cert denied*, 498 U.S. 1087 (1991) (plain meaning of statutory term determined by reference to dictionary and judicial usage); *United States v. Roberts*, Nos. 95 Civ. 7158, 95 Civ 7168, 1996 U.S. App. LEXIS 16250, at *8 (10th Cir. July 8, 1996) (court examines dictionary definition and judicial usage to find plain meaning).  The plain meaning of "discovery" compels the conclusion that Rule 26 initial disclosures are a sub-species of "discovery."

The plain meaning of "discovery" includes any compulsory disclosure of information or documents during a legal action.  The dictionary definition makes no distinction between disclosure in response to a formal request from an adversary and disclosure in response to the direction of a court or its rules of procedure.  For example, *Webster's II College Dictionary* (3rd ed. 2005) defines "discovery" as "data or documents that a party to a legal action must *disclose*

to another party before or during a proceeding."  (Emphasis supplied.)  *Webster's Collegiate*

*Dictionary* (10th ed. 1994) defines "discovery" as "the usually pretrial *disclosure* of pertinent

facts or documents by one or both parties to a civil action or proceeding."  (Emphasis supplied.)

Similarly, courts across the nation refer to Rule 26 "disclosure" as "discovery."  In

referring to the "disclosure" provisions of Rule 26, courts use the terms "discovery," "self-

executing discovery," and "automatic discovery."  *E.g.*, *Gillespie v. Sears, Roebuck & Co.*, 386

F.3d 21, 34 n.10 (1st Cir. 2004) ("automatic discovery")*; Aquila, LLC v. City of Bangor,* No.

CV-08-64-B-W, 2009 U.S. Dist. LEXIS 94341, at *9-10 (D. Me. Oct. 9, 2009) ("automatic

discovery")*; Argonaut Ins. Co. v. I.E., Inc.*, No. 97-4636, 1999 U.S. Dist. LEXIS 3169, at *3

(E.D. Pa. Mar. 11, 1999) ("self-executing discovery")*; Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D.

3, 4 (D. Mass. 1996); *Smiley v. City of Philadelphia*, No. 95-0804, 1995  U.S. Dist. LEXIS

15980, at *3 (E.D. Pa. Oct. 30, 1995) ("self-executing discovery"); *Taydus v. Cisneros*, 902 F.

Supp. 288, 298 (D. Mass. 1995) ("automatic discovery"); *McFarlane v. Ben-Menashe*, 1995 U.S.

Dist. LEXIS 3463, at *6 (D.D.C. Mar. 16, 1995) (Rule 26 "governs pretrial discovery"), *vacated*

*on other grounds* 24 Media L. Rep. (BNA) 1049 (D.D.C. 1995); *Watts v. Healthdyne, Inc.*, 1995

U.S. Dist. LEXIS 9818, at *5 (D. Kan. June 29, 1995) (Rule 26 "discovery obligations").

Further, Supreme Court justices,[3] Second Circuit justices,[4] District Court judges,[5]

members of Congress,[6] and scholars[7] each have observed that Rule 26 disclosure requirements

are merely a form of "discovery."

---

[3] Justice Scalia, joined by Justices Thomas and Souter, commented about Rule 26 disclosures: "the duty-to-disclose regime does not replace the current, much criticized discovery process; rather, it adds a further layer of discovery.  It will likely increase the discovery burdens on district judges . . ."  Amendments to the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(a)(1) advisory committee notes, 146 F.R.D 401, 510 (1993) (Scalia, J. dissenting) (emphasis in the original); *see also id.* at 513 (mandatory disclosure and other provisions represent "breathtakingly novel revision of discovery practice").

Thus, the traditional sources courts examine to apply the plain meaning canon of interpretation establish that the plain meaning of "discovery" encompasses all compulsory disclosure of information and documents whether in response to a formal request or pursuant to the "automatic discovery" obligations under Rule 26.

As the Ninth Circuit once observed, if a creature "looks like a duck, walks like a duck, and quacks like a duck," it is safe to conclude it is a duck.  *In Re Safeguard Self-Storage Trust*, 2 F.3d 967, 970 (9th Cir. 1993).  It is incontrovertible that Rule 26 disclosures provide the same information, within the same parameters, that a properly drawn discovery request would otherwise generate.  The adoption of Rule 26 disclosure requirements effectively divided the discovery process into two phases: an initial, informal phase and then the traditional, formal phase.  Both phases are designed to generate discoverable information and documents germane to the litigation.  Thus:

---

[4]  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 300 (2d Cir. 2009) (failure to provide timely Rule 26 initial disclosures risks dismissal of action for failure to obey "discovery" order).

[5]  *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) (recognizing that Rule 26(a)(1)(C) anticipates supplemental "disclosures" with ever-greater level of detail as "discovery" progresses); *Day v. Consolidated Rail Corp.*, 1996 U.S. Dist. LEXIS 6596 (S.D.N.Y. May 15, 1996) (expert disclosures as "discovery requirement"); *In re Valence Technology Securities Litigation*, [1994-95 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 98,487 (N.D. Cal. Nov. 18, 1994) (Rule 26 obligations are "discovery efforts"); *Mack v. Ryder Truck Rental, Inc.*, No. 95 Civ. 2637, 1996 U.S. Dist. LEXIS 6124, at *1-2 (E.D. Pa. May 2, 1996) (Rule 26 expert disclosures are part of the "discovery provisions of the Federal Rules"); *Scheetz v. Bridgestone Firestone*, 152 F.R.D. 628 (D. Mont. 1993) (Rule 26 disclosures are "cooperative discovery").  *See also, e.g.*, 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure*, § 2053 at 635 (1994) (discussing J. Scalia's dissent): Moore, *Federal Practice*, § 26.05[4] at 26-91 (incentives accompanying disclosure provisions exacerbate problems of the discovery process).

[6]  139 Cong. Rec. H8744-01, H8746 (daily ed. Nov. 3, 1993) (statement of Congressman Hughes).

[7]  Rochelle C. Dreyfuss, *The What and Why of the New Discovery Rules,* 46 Fla. L. Rev. 9 (1994); Griffin B. Bell, et al., *Automatic Disclosure in Discovery – The Rush to Reform*, 27 Ga. L. Rev. 1; Linda S. Mullen, *Hope Over Experience: Mandatory Informal Discovery and the Politics of Rulemaking*, 69 N.C.L. Rev 795 (1991).

> A major purpose of [Rule 26 disclosures is] to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives.

Amendments to Fed. R. Civ. P., Fed R. Civ. P. 26(a) advisory committee notes (1993) ("Notes").

Indeed, the Notes emphasize that "disclosure" and "discovery" are essentially identical. This is because Rule 26 requirements are "the functional equivalent of court-ordered interrogatories" and "impose a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34."  In addition, a party claiming damages must, under Rule 26, supply supporting documents "as if a request for such materials had been made under Rule 34."  Conversely, the Notes emphasize that courts can exempt parties from Rule 26 disclosures in, for example, "government collection cases in which *discovery* would not be appropriate or would be unlikely."  (Emphasis supplied.)

Indeed, the Notes contrast disclosure ("the functional equivalent of court-ordered interrogatories") with "<u>formal</u> discovery," Amendments to Fed. R. Civ. P., Fed R. Civ. P. 26(a) advisory committee notes (1993); the adjective "formal" would be superfluous if discovery excluded disclosure as a form of discovery.  Likewise, in the first sentence of Rule 26(a)(1), the drafters would not have had to state that disclosure is to occur "without  . . . a discovery <u>request</u>" if "discovery" was limited to information gathered only through formal requests.  Undeniably, Rule 26 disclosures are merely an <u>informal</u> <u>subset</u> of <u>formal</u> discovery and are, at bottom, simply a type of discovery intended to precede the traditional discovery methods.  *Id.*[8]

---

[8]  If Congress intended to exempt Rule 26 self-executing discovery from the PSLRA stay, it knew what to do.  In enacting the PSLRA automatic stay provisions, Congress, as noted (*supra* n. 2 at 4), articulated two specific exceptions.  Adding a judicially-crafted exception would violate the principle of *expressio unius est exclusio alterius*—the express mention of one thing excludes all other—by which courts may not construe a statute to imply exceptions to a general provision where Congress has explicitly specified one or more exceptions.  *United States v. Smith*, 499 U.S. 160, 167 (1991) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of a contrary legislative intent."); *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-17 (1980)

C.   **Even if Rule 26 Disclosures Were Not Included in the PSLRA Phrase "All Discovery," They Undeniably Would Fall Within the Phrase "Other Proceedings."**

If the term "discovery" does not embrace Rule 26 initial disclosures, surely the phrase "other proceedings" does.  Black's Law Dictionary defines "proceedings," among other ways, as: (a) the regular and orderly progression of a lawsuit, *including all acts and events between the time of commencement and the entry of judgment* (emphasis supplied); and (b) an act or step that is part of a larger action.  *Black's Law Dictionary* 1324 (9th ed. 2009).  Indeed, the Ninth Circuit in *Kennedy v. Lockyer*, 379 F.3d 1041 (9th Cir. 2004) relied on Black's Law Dictionary to construe "proceeding" as broad enough to encompass *all stages* of a criminal case.

> The Supreme Court held in *Britt* that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."  *Britt*. at 227 (emphasis supplied).  Although the Court did not define "prior proceedings" in its opinion, the meaning of the term is clear. Black's Law Dictionary defines "proceeding," in relevant part, as "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement to the entry of judgment."  *Black's Law Dictionary* 1221 (7th ed. 1999) (emphasis supplied); *see also* Black's Law Dictionary 1204 (6th ed. 1990) ("The proceedings of a suit embrace all matters that occur in its progress judicially.") (emphasis in original). From the dictionary definition it follows that the most "natural understanding" of "prior proceedings" is one that encompasses all of the acts and events that occur from the commencement of the judicial action until the entry of judgment.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041, 2047, 156 L. Ed. 2d 18 (2003) (adopting the most natural understanding of a given term as defined in the dictionary).

*Id.*, at 1046-47.  *See also Chavis v. Chappius*, 618 F.3d 162, 168 (2d Cir. 2010) (consulting Black's Law Dictionary for plain meaning of "proceedings"); *Nicolaou v. Horizon Media, Inc.*, 402 F.3d 325, 329 (2d Cir. 2005) (consulting both Black's Law Dictionary and Webster's Dictionary to compare plain meanings of the terms "proceedings" and "inquiry").

---

(same); *See also Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir. 1996) ([this canon] cautions against grafting new statutory exceptions when they are not enumerated).  Because Congress did not explicitly exempt self-executing discovery from the stay of "all discovery" under the PSLRA, courts must construe the PSLRA stay to include Rule 26 "disclosure" obligations.

Further, a statutory interpretation must give effect, if possible, to every word Congress used.  *Moskal v. United States*, 498 U.S. 103, 109 (1990); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979); *Overseas Educ. Ass'n v. Federal Labor Relations Authority*, 961 F.2d 36, 40 (2d Cir. 1992). By using the word "other" to modify "proceedings," the PSLRA implicitly defines "discovery" as one type of proceeding and provides that "<u>other</u> proceedings," that is, proceedings of the same nature as discovery are stayed.

What is more, the principle *ejusdem generis* requires that Rule 26 disclosures, if not "discovery" *per se,* be deemed any step or phase of litigation similar in nature to "discovery." *Ejusdem generis* requires that where, as here, a broad general term follows one or more specific terms, the general term must be construed to apply to things of the same kind or type as those specifically mentioned.  *United States v. Amato,* 540 F.3d 153, 160 (2d Cir. 2008); *Woods v. Simpson*, 46 F. 3d 21, 23-24 (6th Cir. 1995).  Congress may, in drafting a statute in this manner, cover a wide variety of things without specifying each of them.  2A Norman J. Singer, Sutherland Statutory Construction § 47.17 (5th Ed. 1992).

Thus, "other proceedings" must be construed at a minimum to mean any step or phase of litigation similar to "discovery."  It is difficult to imagine a litigation phase that more closely resembles "discovery" than Rule 26 initial "disclosures."  Both require production of information and documents relevant to the subject matter of the action.  Both are regulated by the Federal Rules of Civil Procedure.  Both have the potential to impose substantial costs on defendants.

If initial disclosures are neither a subset of discovery nor encompassed within "other proceedings," there can be no definitional application other than the narrowest, most constrained definition of discovery that the PSLRA stay provision covers.  Putting "disclosure" outside the

ambit of "all discovery" and "other proceedings" relegates to paltriness the Congressional

reference to "<u>other</u> proceedings."  (Emphasis supplied.)

### D.    Exempting Rule 26 Disclosures from the Automatic Stay Provisions of the PSLRA Would Undermine Congressional Purpose.

Exempting Rule 26 from the stay provisions would fundamentally undermine the

purposes of the PSLRA.  *Local Union No. 38 v. Pelella,* 350 F.3d 73, 82-83 (2d Cir. 2003) ("The

words chosen by Congress 'are not in all instances a reliable indicator of Congress' intent, and

we may look to the legislative history of the enactment to determine whether literal application

of the statute would pervert its manifest purpose.'" (brackets omitted) (*quoting United States v.

Perdue Farms*, 680 F.2d 277, 280 (2d Cir. 1982)); *Viacom Int'l Inc. v. F.C.C.*, 672 F.2d 1034,

1040 (2d Cir. 1982) ("[T]he surest way to misinterpret a statute . . . is to follow its literal

language without reference to its purpose."); *Bob Jones University v. United States*,  461 U.S.

574, 592 n.19 (1983) (the Court read additional language into the text of the statute because an

alternative interpretation would undermine the fundamental purpose of the legislation); *United

States v. American Trucking Ass'n.*, 310 U.S. 534, 543 (1940) (rejecting plain language

construction of statute that led to an unreasonable result plainly at variance with the policy of the

legislation as a whole).  *See also Dole v. United Steelworkers of America*, 494 U.S. 26, 35 (1990)

("in expounding a statute, we are not guided by a single sentence or member of a sentence, but

look to the provisions of the whole law, and *to its object and policy")* (emphasis supplied).[9]

---

[9] Even if statutory provisions are perfectly clear, legislative history and purpose are not irrelevant.  "When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no rule of law which forbids its use, however clear the words may appear on superficial examination. *Train v. Colorado Public Interest Research Group*, 426 U.S. 1, 10 (1976) (reversing Court of Appeals that had concluded because statute was "plain and unambiguous," it had no need to concern itself with legislative history).

We addressed above the purposes of the PSLRA and its automatic stay provisions.  *Supra* at 2 - 5.  To summarize, the intent of Congress could not be clearer: to require courts to determine whether the case has any merit <u>before</u> requiring defendants to "turn[] over the company's records."  141 Cong. Rec. S19146, S19151 (daily ed. December 22, 1995) (Selected Provisions of the Conference Report to House Bill.)  Indeed, like formal discovery, initial disclosures implicate the concerns of Congress in enacting the stay: that plaintiffs not be permitted access to company documents merely because they filed a lawsuit, and that courts, shareholders and defendants not be required to bear the costs of providing information to plaintiffs until plaintiffs have established a viable claim.

For sure, Rule 26 "disclosure" requirements expose defendants to substantial cost.  Rule 26 imposes a duty of investigation on the parties.  Thus, '[b]efore making its disclosures, a party has the obligation  . . . to make a reasonably inquiry into the facts of the case."  Amendments to Fed. R. Civ. P., Fed R. Civ. P. 26(a) advisory committee notes (1993).  Defendants must search for, analyze and produce thousands of documents and conduct an investigation of the action to identify knowledgeable witnesses.  Alternatively, they must engage in expensive motion practice to limit this effort.   This is all <u>before</u> a court reviews the legal sufficiency of plaintiffs' allegations.  These are the same costs that would exist if plaintiffs served formal discovery requests that purported to parrot Rule 26 provisions.

Accordingly, taking into account the purpose of the stay provisions further supports the conclusion that Rule 26 is subject to the PSLRA automatic stay.  Any other conclusion would contravene the goal of Congress of easing the litigation burden on securities defendants by allowing disclosure to proceed just as by allowing formal discovery to proceed.  Such an approach cannot be reconciled with the Congressional policy of ensuring that the legal

sufficiency of the securities fraud claims be tested on the basis of what is on file, rather than on the basis of information that is unearthed post-filing.

E.     **Applicable Decisional Law Also Compels the Conclusion that the Automatic Stay Provisions of the PSLRA Include Rule 26(a)(1) Disclosures.**

Decisional law is sparse on whether Rule 26 is within the ambit of the PLSRA discovery stay provisions.  But courts have consistently held that the initial disclosures of Rule 26 are discovery for purposes of the PSLRA stay.  *See, e.g., Medhekar*, 99 F.3d at 328; *Pedroli v. Bartek,* 251 F.R.D. 229, 230-231 (E.D. Tex. 2007); *Hilliard v. Black*, 125 F. Supp. 2d 1071, 1084 (N.D. Fla. 2000*); see also In re: Initial Public Offering Securities Litigation*, 236 F. Supp. 286 (S.D.N.Y. 2002) (citing with approval the Ninth Circuit holding in *Medhekar* that Rule 26 disclosures are discovery for purposes of the PSLRA discovery stay) and *McKowan Lowe & Co. v. Jasmine, Ltd.*, 976 F. Supp. 293, 298 (D. N. J. 1998) (same).

The Ninth Circuit is the only Court of Appeal to address the issue.  There, the Court held that the initial disclosure requirements of Rule 26(a)(1) are discovery for purposes of the PSLRA.  The Court based its analysis on a review of Rule 26(a) and its relationship to other subsections of Rule 26.  For example, the Ninth Circuit pointed out that other topics entitled "disclosure" are included in Rule 26(a) and not just "initial disclosures."  *Medhekar*, 99 F.3d at 328.  Further, in addition to "initial disclosures" under Rule 26(a)(1), required disclosures include "expert testimony" (Rule 26(a)(2)), and "pretrial disclosures" (Rule 26(a)(3)).  *See* Fed. R. Civ. P. 26(a)(1)-(5).  As the Ninth Circuit observed, the purpose of requiring disclosure of these particular items is not to distinguish them from discovery, but simply to "eliminate the paper work involved in requesting such information."  Amendments to Fed. R. Civ. P., Fed R. Civ. P. 26(a) advisory committee notes (1993).  The drafters of the rules based these changes on the experience of some district courts whose local discovery rules included similar disclosure

requirements and court-approved standard interrogatories.  *Id.*  As noted, and as the Ninth Circuit

stressed, the drafters of Rule (26)(a)(1) observed that initial disclosures are the "functional

equivalent of court-ordered interrogatories[.]"  *Id.*  Therefore, a form of discovery (initial

disclosures) that is the "functional equivalent" of another form of discovery (interrogatories) *is*

discovery for the purposes of the PSLRA stay.

   In addition to Rule 26(a), Rule 26(f) and Rule 16(b) also provide support for the

proposition that initial disclosures are not distinct from discovery.  *See Medhaker*, 99 F.3d at 328

(noting that disclosures are included in the discovery plan).  Together, Rule 26(f), "Conference

of the Parties; Planning for Discovery," and Rule 16(b), "Pretrial Conferences; Scheduling;

Management," include requirements that parties discuss initial disclosures to refine any disputes

they may have prior to the Rule 16(b) pretrial conference and scheduling order (both of which

may include discussions regarding the scope of all discovery including disclosures).  *See* Fed. R.

Civ. P. 16(b), 26(f)*; see also* Amendments to Fed. R. Civ. P., Fed R. Civ. P. 26(a) advisory

committee notes (1993) (noting that one purpose of Rule 26(f) is to refine disputes with respect

to initial disclosures in preparation for Rule 16(b) scheduling conference).

   Further, the Ninth Circuit noted that the legislative history of the PSLRA confirms that,

because of its very purpose, the discovery stay must include initial disclosures.  *Medhaker*, 99

F.3d at 328; 141 Cong.  Rec. S8979, S19146, S19151 (1995) (to limit the "in terrorem nature of

defending a frivolous class-action securities lawsuit," judicial determination of merit should

precede subjecting the defendants to the time and expense of turning over the company's records

to plaintiffs).  Requiring the discovery stay, Congress clearly intended that complaints in these

securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than

information produced by the defendants after the action has been filed.  *See Medhaker*, 99 F.3d

at 328 (citing 141 Cong. Rec. H13699 (1995) (Act to prevent practice of filing premature or

baseless lawsuits in hopes of obtaining grounds through discovery process)).[10]

## III.   CONCLUSION

Accordingly, pursuant to the mandatory automatic stay provision of 15 U.S.C. § 78u-

4(b)(3)(B), we respectfully request that the Court stay all discovery and other proceedings,

including initial disclosures under Rule 26(a)(1), until resolution of the respective motions of

defendants to dismiss this action.

Dated: March 11, 2011                          THE CRONE LAW GROUP

                                               By: /s/ Michael J. Coffino
                                                     Michael J. Coffino
                                                     Admitted *Pro Hac Vice*
                                                     (California Bar No. 88109)
                                                     mcoffino@cronelaw.com

                                                     Jaime J. Santos (JS-3361)
                                                     Admitted in New York and S.D.N.Y.
                                                     jsantos@cronelaw.com

                                                     101 Montgomery Street, Suite 2650
                                                     San Francisco, California 94104
                                                     Telephone: (415) 955-8900

                                                     *Attorneys for Defendants*

---

[10] *In re Comdisco Sec.  Litig.*, 166 F. Supp. 2d 1260 (N.D. Ill. 2001) is not to the contrary.  There, the District Court did not hold that initial disclosures were exempt from the mandatory stay provisions of the PSLRA.  Instead, the Court allowed only "particularized discovery" of "readily available [i]nsurance [p]olicies" because, in part, access to insurance policies would prevent "undue prejudice" under the unique circumstances of that case where the defendant had filed for bankruptcy (which triggers an express exception under the stay statute).  *Id.*  While the Court expressed "doubts" that initial disclosures should be treated as "discovery" under the PSLRA, these "doubts" were *dicta* and did not have the benefit of any in-depth analysis, including whether Rule 26 was a "proceeding" for this purpose.