UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――x
In re CHINA NORTH EAST PETROLEUM HOLDINGS )    10-cv-04577-MGC
LIMITED SECURITIES LITIGATION )
                                                                                )    ECF Case
THIS DOCUMENT RELATES TO: )
ALL ACTIONS )
                                                                                )
―――――――――――――――――――――――――――x

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS

DEBEVOISE & PLIMPTON LLP

Edwin G. Schallert
Katherine H. Worden
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
egschall@debevoise.com
khworden@debevoise.com

*Attorneys for Defendant Robert C. Bruce*

April 12, 2011

23411440v1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..................................................................................................................4

I.   The Complaint Does Not Adequately Plead a Claim Against Mr. Bruce Under Section 10(b) and Rule 10b-5 ..................................................................4

    A.   Accounting Errors and Internal Control Violations are Insufficient to Raise an Inference of Scienter ...............................................................................4

    B.   Mr. Bruce's Position is Insufficient to Raise an Inference of Scienter...................7

    C.   The Retention of Jimmy C.H. Cheung & Co. As The Company's Auditor Does Not Create an Inference of Scienter ..................................................................8

    D.   Even Considering its Allegations Together, the Complaint Does Not Raise a Strong Inference of Scienter .........................................................................8

    E.   The Allegations of the Complaint Undercut Any Inference of Scienter as to Mr. Bruce ..................................................................................................8

II.  The Complaint Does Not State a Section 20(a) Claim Against Mr. Bruce .................9

CONCLUSION.............................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**

*ATSI Commnc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ..........................................9

*Fadem v. Ford Motor Co.*, 352 F.Supp.2d 501 (S.D.N.Y. 2005) ....................................................2

*Glaser v. The9, Ltd.*, 09 Civ. 08904 (RJH), 2011 WL 1106713 (S.D.N.Y. March 28, 2011) .................................................................................................................................6, 9

*In re BISYS Sec. Litig.*, 397 F.Supp.2d 430 (S.D.N.Y. 2005)..........................................................8

*In re J.P. Morgan Chase Sec. Litig.*, 363 F.Supp.2d 595 (S.D.N.Y. 2005)....................................1

*In re PXRE Group, Ltd., Sec. Litig.*, 600 F. Supp. 2d 510 (S.D.N.Y. 2009) ..............................4, 7

*In re Winstar Commc'ns Sec. Litig.*, 01 Civ. 11522 (GBD), 2010 WL 3910322 (S.D.N.Y. Sept. 29, 2010) ..........................................................................................................2

*Katz v. Image Innovations Holdings, Inc.*, 542 F.Supp.2d 269 (S.D.N.Y. 2008)........................6, 9

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp.2d 287 (S.D.N.Y. 2010) ......................................................................7

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190 (2d Cir. 2008)................................................................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) .................................................3

*W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 F. App'x 717 (2d Cir. 2009)................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x
In re CHINA NORTH EAST PETROLEUM HOLDINGS  )     10-cv-04577-MGC
LIMITED SECURITIES LITIGATION              )
                                           )     ECF Case
THIS DOCUMENT RELATES TO:                  )
ALL ACTIONS                                )
                                           )
——————————————————————x

# REPLY MEMORANDUM IN SUPPORT OF
# DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS

Defendant Robert C. Bruce submits this memorandum in reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Consolidated Class Action Complaint ("Pl. Mem.").[1]

## PRELIMINARY STATEMENT

Plaintiff's Memorandum devotes little attention to the arguments in Mr. Bruce's opening brief. Rather than identifying *facts* giving rise to a strong inference of scienter as to Mr. Bruce, Plaintiff resorts to rhetoric. For example, Plaintiff asserts that Mr. Bruce "turned a blind eye to obvious facts and principles" regarding the manner in which China North accounted for certain warrants. (Pl. Mem. 29) Any inconsistency between China North's filings and the manner in which specific warrants were booked is "obvious" only with hindsight – an impermissible perspective for alleging scienter. *See In re J.P.*

---

[1] This brief uses the same defined terms as the Memorandum of Law in Support of Defendant Robert C. Bruce's Motion to Dismiss ("Bruce Mem.").

1

*Morgan Chase Sec. Litig.*, 363 F.Supp.2d 595, 624 (S.D.N.Y. 2005) ("fraud cannot be pled by hindsight"). A failure to properly apply complex accounting rules governing warrants would have been at most negligence, not fraud. *See In re Winstar Commc'ns Sec. Litig.*, 01 Civ. 11522 (GBD), 2010 WL 3910322, at *3 (S.D.N.Y. Sept. 29, 2010).

Plaintiff's Memorandum also invents new "facts" to try to cure the deficiencies of the Complaint. Most notably, Plaintiff makes the bald allegation that "there was no policy against Company officials transferring to their own accounts monies from the Company's accounts." (Pl. Mem. 28) To the contrary, since 2008 China North has had a detailed Code of Conduct that includes – in English and in Chinese – a prohibition against personal use of company assets and a requirement that all company assets should be used "for legitimate business purposes only." (A copy of the Code of Conduct is on China North's website, http://cneh.irpage.net/documents/Code_of_Conduct.pdf, and is appended as Exhibit A to the Declaration of Katherine H. Worden, dated April 11, 2011 ("Worden Decl.")) In any event, the new allegation should be disregarded as a matter of law because Plaintiff cannot cure the deficiencies of the Complaint by alleging new facts in its brief. *See Fadem v. Ford Motor Co.*, 352 F.Supp.2d 501, 516 (S.D.N.Y. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs.").

Plaintiff's Memorandum leaves virtually untouched the multiple allegations of the Complaint that negate any inference of scienter as to Mr. Bruce. Plaintiff's only response is to ask the Court to make the implausible inference that Mr. Bruce's resignation "was basically a ploy to cover up his previous disregard of his oversight responsibilities." (Pl.

Mem. 29)  The Complaint alleges no facts to suggest Mr. Bruce's resignation was a ploy; to the contrary, the Complaint alleges that the resignation followed Mr. Bruce's commissioning a forensic audit of China North's bank accounts, his recommendation that the company initiate a self-reporting process to the SEC, and his letter to the Board urging the Company to undertake additional investigation of the results of the forensic audit. (Compl. ¶¶ 12, 34, 99, 103, Ex. A ) These facts support an "opposing inference of non-fraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 314 (2007).[2]

In sum, Plaintiff cannot point to specific contradictory information that was available to Mr. Bruce at the time the allegedly false and misleading 2008 10-K was issued.  Plaintiff's reliance on unsupported, pejorative characterizations highlights the fact that the Complaint does not meet the stringent pleading requirements of the PSLRA and Rule 9(b).  Accordingly, Plaintiff's claims against Mr. Bruce should be dismissed in their entirety.

---

[2] Plaintiff mischaracterizes Mr. Bruce as having "suspected executives had embezzled funds and committed Foreign Corrupt Practices Act violations."  (Pl. Mem. 14)  This assertion is contradicted by Mr. Bruce's contemporaneous letter attached to the Complaint.  *See* Compl. Ex. A ("I would like to make clear that by recommending these additional investigative efforts, I am not implying or stating knowledge of any violations of FCPA, that Company funds have been misused, or that the Company's financial statements and prior SEC filings are materially misleading….").

3

## ARGUMENT

I. **The Complaint Does Not Adequately Plead a Claim Against Mr. Bruce Under Section 10(b) and Rule 10b-5**

Plaintiff's Memorandum does not identify any "[1] *specific* contradictory information . . . available to [defendant Bruce] [2] *at the same time* [the defendants] made their misleading statements." *In re PXRE Group, Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009) (emphasis in original) (quotation marks and citation omitted), *aff'd sub nom. Condra v. PXRE Group Ltd.*, 09-cv-1370, 2009 WL 4893719 (2d Cir. Dec. 21, 2009); *see Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008) ("[w]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information.") (quotation marks and citations omitted). Instead, Plaintiff repeats the same hodgepodge of conclusory allegations contained in the Complaint, none of which is sufficient to plead the scienter element of a Section 10(b) claim.

### A. Accounting Errors and Internal Control Violations are Insufficient to Raise an Inference of Scienter

With the benefit of hindsight and China North's subsequent disclosures, Plaintiff points to two accounting errors: (i) inflation of oil reserves and valuations and related decreases in depreciation costs, and (ii) improper accounting for certain warrants. The law is clear that such errors do not themselves give rise to any inference of scienter. *See* Bruce Mem. 7-8.

Plaintiff alleges that, given a decline in oil prices in 2008, "it was incumbent upon Bruce to inquire whether any impairment charge was necessary." (Pl. Mem. 14-15)

4

However, oil prices are merely one component of ceiling test computations, *see* Compl. ¶ 42, and the Complaint alleges no facts to suggest Mr. Bruce entertained any doubts about the computations that were attested to by an independent oil and gas engineering firm. (Compl. ¶ 4.a)  With respect to the warrants, Plaintiff concedes that China North's public statement regarding the manner in which it accounted for them accurately reflected the applicable accounting principles. (Pl. Mem. 27)  The misapplication of complex accounting rules would amount to at most negligence. *See In re Winstar Commc'ns Sec. Litig.*, 01 Civ. 11522 (GBD), 2010 WL 3910322, at *3 (S.D.N.Y. Sept. 29, 2010) ("The alleged failure to detect and/or address [the company's] dubious accounting practices may give rise to an inference of carelessness or negligence, but it does not give rise to an inference of conscious misbehavior.").

Plaintiff further argues that Mr. Bruce's scienter "is evident by the total lack of internal controls at the company." (Pl. Mem. 28)  Plaintiff supports this argument with the conclusory allegation that "there was no policy against Company officials transferring to their own accounts monies from the Company's accounts." (Pl. Mem. 28)  The Complaint did not make this allegation -- and for good reason.  China North has a Code of Conduct, adopted on August 5, 2008, that contains clear proscriptions against personal use of company assets.  *See* Worden Decl., Exhibit A, at 2, 13.  Moreover, an alleged failure to prevent violations of China North's internal controls is not indicative of scienter.  *See W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 F. App'x 717, 720 (2d Cir. 2009) ("In the accounting context, failure 'to identify problems with the defendant

5

company's internal controls and accounting practices does not constitute reckless conduct'") (citation omitted).[3]

The cases cited by Plaintiff to support its argument (Pl. Mem. 29) serve only to illustrate the type of particularized allegations that are conspicuously absent from the Complaint.  For example, in *Katz v. Image Innovations Holdings, Inc.*, 542 F.Supp.2d 269, 274 (S.D.N.Y. 2008), the plaintiffs alleged that almost all of a company's annual sales were fictitious and were covered up by the misapplication of proceeds from restricted stock issued to an outside director and his son.  An inference of scienter against the director was further supported by the allegation that he attempted to obstruct an investigation into the fictitious sales and participated in efforts to remove the company's CEO, who was investigating the company's financials with the aid of an outside forensic auditor.  *Id.*  Such allegations stand in stark contrast to the Complaint's allegations that Mr. Bruce engaged the services of a forensic auditor to probe into potential misconduct and urged the Board to undertake additional investigation.  *See* Compl. ¶¶ 9, 12.

Plaintiff argues that the size of the restatement supports an inference of scienter. (Pl. Mem. 26)  However, pleading a large restatement would not relieve Plaintiff of the burden of alleging specific contradictory information available to Mr. Bruce or his knowledge of the falsity of his statements.  *See Glaser v. The9, Ltd.*, 09 Civ. 08904

---

[3] In fact, China North made clear in its 2008 10-K report that it was management, and not the Audit Committee that was responsible for maintaining internal controls over financial reporting.  *See* Worden Decl., Ex. B, at 27 ("The Company's management is responsible for establishing and maintaining an adequate system of internal control over financial reporting.").

6

(RJH), 2011 WL 1106713, at *19 (S.D.N.Y. March 28, 2011) ("absent facts indicating that defendants knew of the falsity of their statements, that an eventual write-off was large does not support the required strong inference of misbehavior"). Moreover, courts have concluded that even much more sizable restatements create no inference of scienter. *See e.g.*, *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp.2d 287, 302 (S.D.N.Y. 2010) ("Because the 'size of an alleged fraud [here, $5.65 billion] alone does not create an inference of scienter,' Plaintiff's repeated allegation concerning the magnitude of the write-downs is insufficient to plead scienter.") (citation omitted).

### B. Mr. Bruce's Position is Insufficient to Raise an Inference of Scienter

Like the Complaint, Plaintiff's Memorandum points to Mr. Bruce's position as Chairman of the Audit Committee. (Pl. Mem. 14, 28) Plaintiff alleges that the Audit Committee has "monitoring duties," but this would be true in any case involving any Audit Committee member. There is no support for the argument that a director's position on the board or audit committee is sufficient to raise an inference of scienter, *see PXRE Group*, 600 F.Supp.2d at 545 ("It is well established that boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter.") (quoting *In re Southeby's Holdings, Inc.*, No. 00 Civ. 1041 (DLC), 2000 WL 1234601, at *7 (S.D.N.Y. Aug. 31, 2000), *aff'd*, 2009 WL 4893719), and Plaintiff does not cite any cases to the contrary.

### C. The Retention of Jimmy C.H. Cheung & Co. As The Company's Auditor Does Not Create an Inference of Scienter

Plaintiff argues that Mr. Bruce's "disinterest in accurate reporting is further evident by [the] retention of an 'independent' auditor, Jimmy Cheung, which had a checkered background." (Pl. Mem. 28)  Plaintiff has failed to allege that Mr. Bruce was aware of Jimmy Cheung's alleged "checkered background," and the Complaint ignores the fact that a "critical" PCAOB report on the firm was not issued until *after* the filing of the 2008 10-K.  *Compare* Compl. ¶ 111 *with* Bruce Mem. 11.

### D. Even Considering its Allegations Together, the Complaint Does Not Raise a Strong Inference of Scienter

Plaintiff argues that the foregoing allegations of scienter, when considered together, are sufficient to meet the stringent pleading requirements of the PSLRA and Rule 9(b).  (Pl. Mem. 29)  However, simply cobbling together multiple inadequate allegations of scienter does not create a strong inference of scienter.  *See e.g., In re BISYS Sec. Litig.*, 397 F.Supp.2d 430, 449 (S.D.N.Y. 2005) ("Nor do plaintiffs save their claims from dismissal by arguing that their various allegations of motive and opportunity and conscious misbehavior or recklessness – though insufficient when considered in isolation – are somehow adequate when considered together.").

### E. The Allegations of the Complaint Undercut Any Inference of Scienter as to Mr. Bruce

Rather than address the argument in Mr. Bruce's opening brief that the alleged facts, taken as a whole, undercut any inference of scienter, Plaintiff argues only that Mr. Bruce's "ultimate *resignation* hardly undercuts the strong inference of his scienter."  (Pl.

8

Mem. 29) (emphasis added)  Plaintiff relies on the conclusory assertion that Mr. Bruce's resignation "was a ploy to cover up his previous disregard of oversight responsibilities." (Pl. Mem. 29)  The notion that Mr. Bruce's resignation was a ploy is a strained and illogical inference to draw from the facts alleged.  The Complaint alleges that Mr. Bruce commissioned a forensic audit of China North's bank accounts, urged the board of directors to take "additional steps to investigate" questions raised by the forensic audit, recommended that the company initiate a self-reporting process to the SEC, and resigned when the board explained that it would not undertake additional investigation.  (Compl. ¶¶ 12, 34, 99, 103, Ex. A)  This is a far cry from the obstructionist tactics alleged against an outside director in *Katz v. Image Innovations Holdings, Inc.*, cited by Plaintiff.  (Pl. Mem. 29)  The much stronger inference raised by the facts in the Complaint is that Mr. Bruce was a diligent and concerned director, acting in good faith to ensure that any errors were uncovered and corrected.  *See Glaser*, 2011 WL 1106713, at *13, *17.

## II.     The Complaint Does Not State a Section 20(a) Claim Against Mr. Bruce

Plaintiff does not respond to arguments in Mr. Bruce's motion to dismiss the Section 20(a) claim.  Rather, Plaintiff asserts in a footnote that the Section 20(a) claim should not be dismissed because the Complaint raises a strong inference of a primary violation of the securities law.  (Pl. Mem. 4, n.2)  The Complaint raises no such inference.  In any event, to state a claim under Section 20(a), a plaintiff must also allege (1) control of the primary violator by the controlling defendant, and (2) the defendant's culpability in the fraud perpetrated by the controlled person.  *ATSI Commnc'ns Inc. v.*

9

*Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). As explained in Mr. Bruce's opening brief, Plaintiff has failed to plead these two elements. (Bruce Mem. 13–15) Accordingly, the Section 20(a) claim against Mr. Bruce should be dismissed on multiple grounds.

## CONCLUSION

For the foregoing reasons, the Complaint's claims against Defendant Robert C. Bruce should be dismissed.

Dated: New York, New York
April 12, 2011

|  |  |
|---|---|
|  | DEBEVOISE & PLIMPTON LLP |
|  | By: |
|  | /s/ Edwin G. Schallert |
|  | Edwin G. Schallert |
|  | Katherine H. Worden |
|  | 919 Third Avenue |
|  | New York, NY 10022 |
| Of Counsel: | (212) 909-6000 (phone) |
| Jared I. Kagan | (212) 909-6836 (fax) |
| jikagan@debevoise.com | egschall@debevoise.com |
|  | khworden@debevoise.com |
|  | *Attorneys for Defendant Robert C. Bruce* |

10

23411440v1