UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re China North East Petroleum Holdings Limited Securities Litigation** | No. 10-CV-04577 (MGC) (THK)<br>ECF Case<br><br>CLASS ACTION |
| **THIS DOCUMENT RELATES TO:**<br><br>All Actions | |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING APPLICATION OF PSLRA AUTOMATIC STAY PROVISIONS TO FEDERAL RULE OF PROCEDURE 26(a)(1)**

Marc I. Gross
Shaheen Rushd
Jeremy A. Lieberman
Anthony F. Maul
**POMERANTZ HAUDEK**
   **GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ................................................................................................................2

III. ARGUMENT ......................................................................................................................2

    A. The Initial Disclosures Sought by Plaintiffs Would not Violate the Legislative Purpose of the PSLRA Automatic Stay Provisions ...............................2

    B. Courts Have Permitted the Initial Disclosures Sought by Plaintiffs During the Period of the Automatic Stay on Discovery ..........................................6

IV. CONCLUSION ...................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*,
  No. IP 02-071 C T/K, 2003 U.S. Dist. LEXIS 478 (S.D. Ind. Jan. 13 2003) ............................ 4

*Eli Lilly and Co. v. Actavis Elizabeth LLC*,
  No. 07-3370 (DMC), 2010 U.S. Dist. LEXIS 44913 (D.N.J. May 7, 2010) ....................... 4

*Hillard v. Black*,
  125 F. Supp. 2d 1071 (N.D. Fla. 2000) .................................................................................. 6

*In re Comdisco Sec. Litig.*,
  166 F. Supp. 2d 1260 (N.D. Ill. 2001) ........................................................................ 1, 3, 6, 7

*In re Initial Public Offering Sec. Litig.*,
  236 F. Supp. 2d 286 (S.D.N.Y. 2002) .................................................................................... 6

*In re Worldcom Sec. Litig.*,
  234 F. Supp. 2d. 301 (S.D.N.Y. 2002) ................................................................................... 3

*McKowan Lowe & Co. v. Jasmine*,
  976 F. Supp. 293 (D.N.J. 1998) ............................................................................................. 6

*Medhekar v. U.S. Dist. Court for the N. Dist. of Cal.*,
  99 F.3d 325 (9th Cir. 1996) ................................................................................................ 6, 7

*Pedroli v. Bartek*,
  251 F.R.D. 229 (E.D. Tex. 2007) ........................................................................................... 6

### **Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................................ 1

### **Rules**

Fed. R. Civ. P. 26(a) ............................................................................................................ passim

Fed. R. Civ. P. 11(b)(3) .................................................................................................................. 5

ii

I.     **INTRODUCTION**

Lead Plaintiff Acticon AG submits this memorandum in response to Defendant China North East Petroleum Holdings, Ltd.'s ("China North") Memorandum of Law Regarding the Application of the Automatic Stay Provisions of the PSLRA to Federal Rule of Procedure 26(a)(1) (Docket # 50).  While Lead Plaintiff concedes that this case is subject to the PSLRA's automatic stay on discovery, 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs believe the Court should permit limited initial disclosures of those individuals likely to have discoverable information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), disclosure of applicable insurance polices pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), and production of two documents[1] in Defendants' possession that are central to the claims and defenses of the action.  Contrary to the impression created by China North's strident memorandum of law, permitting these limited disclosures would be entirely consistent both with the legislative purpose of the automatic stay proceedings, as well as applicable judicial precedent.  First, the purpose of the PSLRA's automatic stay provisions is to prevent abuse of the discovery process to extract coercive settlements and/or conduct fishing expeditions.  The limited disclosures Plaintiffs seek pose no risk of running afoul of these purposes, as they impose no burden on Defendant and are sufficiently limited in scope to curtail any risk of abuse.  Second, in *In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260 (N.D. Ill. 2001), a court faced with a similar question permitted initial disclosure of applicable insurance policies notwithstanding the pendency of an automatic stay under the PLSRA.  The *Comdisco* court

---

[1] Specifically, Plaintiffs seek production of two non-public documents in Defendants' possession; (1) comments the SEC sent to China North in connection with the SEC's review of China North's 2008 Form 10-K, referred to in a form 8-K filed by China North on February 23, 2010, which initially triggered the restatement; and (2) the document reflecting Ralph E. Davis Associates, Inc.'s or China North's recomputation of oil reserves for year end 2008 as part of the restatement to correct for the "errors" in the original report.  Each of these documents is central to the "claims or defenses" of the action.  Fed. R. Civ. P. 26(a)(1)(A)(ii).

reasoned that permitting such limited disclosure was consistent with the legislative purpose of the PSLRA. This Court should reach the same conclusion here.

## II.  BACKGROUND

This securities class action arises from fraudulent activity and a striking absence of internal controls at China North that, when revealed, resulted in substantial losses to China North's investors. From February through September 2010, China North made a series of disclosures revealing massive misstatements of earnings and revenues, as well as illicit transfers of corporate assets to key directors and executives. See Plaintiffs' Consolidated Class Action Compl. at ¶¶ 4–15. These revelations resulted in the ouster of multiple directors and executives, including China North's CEO and Chairman of the Board. *Id.* at ¶ 10. The precipitous negative effect of the revelations on China North's stock price prompted the NYSE AMEX to halt trading of the company's shares pending the results of a forensic audit. *Id.* at ¶ 11. By the time the full extent of the misconduct was disclosed, China North's stock prices had fallen 47%. *Id.* at ¶ 15.

## III.  ARGUMENT

### A. The Initial Disclosures Sought by Plaintiffs Would not Violate the Legislative Purpose of the PSLRA Automatic Stay Provisions

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs seek only production of applicable insurance policies, preliminary identification of individuals likely to have discoverable information, and production of two specific documents in Defendants' possession. Contrary to the lengthy narrative set forth in Defendant's memorandum of law, these disclosures impose no burden on Defendants and are entirely consistent with the legislative purposes of the PSLRA. As noted by Defendants, in enacting the automatic stay provisions, Congress sought to discourage plaintiffs from filing frivolous lawsuits in order to either: (1) extract a coercive settlement in the face high discovery costs; or (2) permit a fishing expedition in search of claims not alleged in the

complaint.  *See In re Worldcom Sec. Litig.*, 234 F. Supp. 2d. 301, 305 (S.D.N.Y. 2002) (*citing* H.R. Conf. Rep. No. 104-369, at 37 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 735; S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693).

These purposes do not apply to Plaintiffs' lawsuit, which is far from frivolous.  Plaintiffs' allege an egregious course of conduct by Defendants which included "a very large number and amount of unauthorized transfers of Company funds" to the bank accounts of the Company's Chief Executive Officer ("CEO"), Defendant Wang Hung Jun ("Wang"), and his mother Defendant Guizhi Ju ("Ju") and a staggering restatement of $36.6 million, which eviscerated the Company's reported net profits for nearly a two year period.  ¶¶ 4, 35.  Indicative of his culpability, Wang remains on administrative leave, stripped of his duties as Chairman and CEO.  ¶ 39.  Thus, there is no concern that Plaintiffs' might utilize this discovery device in order to extract a coercive settlement from Defendants for an otherwise meritless claim.

Moreover, Defendant fails to explain how the production of applicable insurance policies would implicate Congress's concerns about coercive settlements or fishing expeditions.  *See In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2001) ("Neither of those concerns is implicated here as to the limited request at issue.  Insurance policies, whether present or absent, will not affect the viability of this action as and when [defendants] file a motion to dismiss…. Nor is any burden at all involved in the simple photocopying of readily available Insurance Policies.").  Such disclosures could hardly impose sufficient burden or costs on Defendant to create *in terrorem* incentives to settle prematurely.  Nor is there any potential for Plaintiffs to use such limited disclosures to discover facts supporting as-yet-unknown causes of action.

In fact, Congress's purposes in enacting the initial disclosure provisions of Rule 26(a)(1) are in perfect harmony with its purposes in adopting the PSLRA's automatic stay provisions. The requirement that parties disclose persons who are likely to have discoverable information is actually designed to ultimately lessen the burden of discovery.  *See Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No. IP 02-071 C T/K, 2003 U.S. Dist. LEXIS 478, *3 (S.D. Ind. Jan. 13 2003 ("A major purpose of the rule is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those goals.") (internal quotation marks and citations omitted); *see also Eli Lilly and Co. v. Actavis Elizabeth LLC*, No. 07-3370 (DMC), 2010 U.S. Dist. LEXIS 44913, *10 (D.N.J. May 7, 2010) ("The fundamental purpose of early disclosures is to accelerate the exchange of information needed to assess settlement, assist the parties in organizing and prioritizing their discovery, and prepare the case for trial.").  Permitting preliminary identification of potential witnesses would advance the PSLRA's purposes by lessening the overall costs of discovery and permitting clear-eyed assessment of settlement opportunities.

Similarly, the legislative purposes underlying the requirement that parties disclose applicable insurance polices also serve the PSLRA's underlying purposes of lessening the burden of discovery and permitting the parties maximal information to assess settlement:

> Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.  It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. The amendment is limited to insurance coverage, which should be distinguished from any other facts concerning defendant's financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy.

Advisory Committee Note to Rule 26(b)(2) [now 26(a)(1)(A)(iv)] (1970).  In other words, the initial disclosures Plaintiffs seek impose no burden now, and ultimately lessen the overall burden of discovery.  China North's available insurance is particularly relevant here, where the Company's assets are all located in China, where Lead Plaintiff will likely find it impossible to enforce any judgment rendered by the Court.  As acknowledged by the Company in its most recently filed 10-K:

> A majority of our directors and officers are nationals and/or residents of countries other than the United States, and all or a substantial portion of such persons' assets are located outside the United States. As a result, it may be difficult for investors to effect service of process on our overseas-based directors or officers, or enforce within the United States or Canada any judgments obtained against us or our overseas-based officers or directors, including judgments predicated upon the civil liability provisions of the securities laws of the United States or any state thereof. Consequently, you may be effectively prevented from pursuing remedies under U.S. federal securities laws against them. In addition, investors may not be able to commence an action in a Canadian court predicated upon the civil liability provisions of the securities laws of the United States.

Annual 10-K of China North East Petroleum, Holdings, Ltd., filed on March 16, 2011, pp. 21.  As a result, China North's D&O insurance policy might serve as a critical source of funding for the putative Class upon the successful prosecution of this action.  The size of that policy, or lack thereof, could very well impact Plaintiffs' litigation strategy on a prospective basis.

In addition to Rule 26(a)(1), the PSLRA automatic stay provisions should be construed with Fed. R. Civ. P. 11(b)(3), which requires that "the factual contentions [asserted in a party's papers] have evidentiary support after a reasonable opportunity for further investigation or discovery…."  The two specific documents which Lead Plaintiff seeks to discover are directly relevant to the parties' respective papers submitted in support and opposition to Defendants'

5

motions to dismiss. Permitting discovery of these documents would permit the parties a reasonable opportunity to substantiate the factual assertions made by each party in those papers. In facilitating the fair adjudication of Defendants' motions to dismiss, the disclosures Lead Plaintiff seeks would, again, advance the purposes of the PSLRA automatic stay.

Thus, this Court would be advancing the legislative purpose of the PSLRA's automatic stay provisions by permitting initial disclosure of potential witness and applicable insurance policies.

### B.  Courts Have Permitted the Initial Disclosures Sought by Plaintiffs During the Period of the Automatic Stay on Discovery

Defendant's memorandum grossly misstates the state of the law regarding the applicability of the PSLRA's stay provisions to Rule 26(a)(1) disclosures. In claiming that "courts have consistently held that the initial disclosures of Rule 26 are discovery for purposes of the PSLRA stay," Defendant relies on the Ninth Circuit's decision in *Medhekar v. U.S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325 (9th Cir. 1996).[2] Defendant, however, fails to acknowledge that the *Medhekar* court's reasoning was later criticized for its undue reliance on the fact "that the Rule 26 disclosure obligation has been placed within one of the Rules that is in a group of a dozen preceded by the heading 'Depositions and Discovery.'" *In re Comdisco Sec. Litig.*, 166 F. Supp. 2d 1260, 1262 (N.D. Ill. 2001). Noting a lack of Seventh Circuit law on the

---

[2] Defendant also cites to several later decisions that cited to *Medhekar* favorably. Only one of these decisions actually concerns the applicability of the PSLRA automatic stay provisions specifically to initial disclosures. In *Hillard v. Black*, 125 F. Supp. 2d 1071, 1084 (N.D. Fla. 2000), the court granted defendants' (apparently unopposed) request of stay of discovery, including initial disclosures, but conducted no analysis beyond citing to the *Medhekar* and the PSLRA itself. The rest of the cases cited by Defendant do not concern Rule 26 initial disclosures at all. *See Pedroli v. Bartek*, 251 F.R.D. 229, 230–31 (E.D. Tex. 2007) (concerning stay of Rule 26(f) conference); *In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d 286 (S.D.N.Y. 2002) (concerning stay of actual discovery); *McKowan Lowe & Co. v. Jasmine*, 976 F. Supp. 293 (D.N.J. 1998) (concerning whether the PSLRA's automatic stay provisions applied retroactively).

subject, the *Comdisco* court declined to follow *Medhekar* and, in light of the legislative purposes of the PSLRA automatic stay provisions, permitted disclosure of the defendants' insurance policies notwithstanding the automatic stay. *Id.* at 1262–63.

While there is no applicable Second Circuit case law on this subject, the particulars of this case most resemble those in *Comdisco*. Here, as there, Plaintiffs do not seek onerous duplication or production of documents during the pendency of the automatic stay. On the contrary, Plaintiffs seek only preliminary identification of potential witnesses and applicable insurance policies. As noted above, such disclosures would neither impose a burden on Defendant, nor permit Plaintiffs to conduct a fishing expedition into Defendant's records. Thus, as in *Comdisco*, this Court should permit the limited disclosures Plaintiffs seek.

## IV.    CONCLUSION

For the foregoing reasons, this Court should compel Defendant to make initial disclosures of individuals likely to have discoverable information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), applicable insurance polices pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), and two specific documents pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

Dated:   April 20, 2011

                                          Respectfully submitted,

                                          **POMERANTZ HAUDEK**
                                              **GROSSMAN & GROSS LLP**

                                          By: /s/ Jeremy A. Lieberman
                                              Jeremy A. Lieberman

                                          Marc I. Gross
                                          Shaheen Rushd
                                          Anthony F. Maul
                                          100 Park Avenue, 26th Floor
                                          New York, New York 10017
                                          Telephone:  (212) 661-1100
                                          Facsimile:   (212) 661-8665