UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re China North East Petroleum Holdings Limited Securities Litigation** | No. 10-CV-04577 MGC |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 1

II.     RELEVANT PROCEDURAL HISTORY ................................................................. 2

III.    ELEMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS ............................. 4

   A.   Numerosity ............................................................................................................ 5

   B.   Commonality.......................................................................................................... 5

   C.   Typicality ............................................................................................................... 6

   D.   Adequacy ............................................................................................................... 6

        (i)    Adequacy of the Proposed Class Representative ................................. 7

        (ii)   Rule 23(g) Adequacy of the Proposed Class Counsel.......................... 7

   E.   Common Questions Predominate and the Class Is Superior to Other Methods of
        Adjudication........................................................................................................... 8

IV.     THE SETTLEMENT MEETS THE CRITERIA NECESSARY FOR THIS
        COURT TO GRANT PRELIMINARY APPROVAL ................................................ 10

   A.   Standards for Preliminary Approval ................................................................... 10

   B.   Preliminary Fairness Review .............................................................................. 11

        (i)    The Negotiations Were Fair, Conducted at Arm's-Length, and Supervised by a
               Nationally Recognized Mediator ....................................................... 11

        (ii)   Lead Counsel and Settling Defendants' Counsel Are Highly Experienced and
               Capable. .............................................................................................. 12

        (iii)  The Settlement Falls within the Range of Possible Approval. ............ 13

V.      THE PROPOSED NOTICE TO CLASS MEMBERS SATISFIES
        RULE 23(C)(2)(B)............................................................................................... 14

VI.     PROPOSED SCHEDULE OF EVENTS................................................................... 15

VII.    CONCLUSION...................................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Acticon A.G. v. China North East Petroleum Holdings Limited*,
  692 F.3d 34 (2nd Cir. 8-1-2012) ................................................................. 3, 8

*Amchem Products, Inc., v. Windsor*,
  521 U.S. 591 (1997) ................................................................................... 4, 9

*City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*,
  100 F.3d 1043 (1st Cir. 1996) ................................................................. 11, 12

*Consolidated Raid Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) ............................................................................. 5

*Dunhaime v. John Hancock Mut. Life Ins. Co.*,
  183 F.3d 1 (1st Cir. 1999) ...................................................................... 10, 11

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005) ....................................................................................... 8

*Durret v. Housing Auth. Of Providence*,
  896 F.2d 600, 604 (1st Cir. 1990) ............................................................... 11

*Eisen v. Carlisle & Jacqueline*,
  417 U.S. 156 (1974) ..................................................................................... 15

*Flinn v. FMC Corp.*,
  528 F.2d 1169 (4th Cir. 1975) ..................................................................... 12

*Fogarazzao v. Lehman Bros., Inc.*,
  232 F.R.D. 176 (S.D.N.Y. 2005) ................................................................... 7

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  903 F.2d 176 (2d Cir. 1990) .......................................................................... 6

*In re Charter Commc'ns, Inc. Sec. Litig.*,
  2005 WL 4045741 (E.D. Mo. June 30, 2005) ............................................. 13

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
  2007 WL 2230177 (S.D.N.Y. July 27, 2007) ........................................ 5, 6, 7

*In re Medical X-Ray Film Antitrust Litig.*,
  1997 WL 33320580 (E.D.N.Y. Dec. 26, 1997) ........................................... 11

*In re Rite Aid Co. Sec. Litig.*,
  146 F. Supp. 2d 706 (E.D. Pa. 2001) ........................................................... 13

*Karvaly v. eBay, Inc.*,
  245 F.R.D. 71 (E.D.N.Y. 2007) ................................................................... 11

*Lyons v. Marrud, Inc.*,
  1972 WL 327 (S.D.N.Y. June 6, 1972) ....................................................... 12

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ............................................................................................................ 15

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation*,
   323 F.Supp. 364 (E.D. Pa. 1970) ....................................................................................... 11

*Similow v. S.W. Bell Mobile Sys. Inc.*,
   323 F.3d 32 (1st Cir. 2003) ............................................................................................. 8, 9

*Teachers' Retirement Sys. of Louisiana v. ACLN Ltd.*,
   2004 WL 2997957 (S.D.N.Y. Dec. 27, 2004) .................................................................. 5, 6

*Thompson v. Metro Life Ins. Co.*,
   216 F.R.D. 55 (S.D.N.Y. 2003) ......................................................................................... 12

## RULES

Fed. R. Civ. P. 23 ................................................................................................... *passim*

## REGULATIONS

SEC Rule 10b-5, 17 C.F.C. §240.10b-5 ............................................................................ 2

## STATUTES

28 U.S.C. § 1391(d) ......................................................................................................... 10

Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) ....................................................... 2

Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a) ....................................................... 2

## OTHER AUTHORITIES

4 H. Newbert & A. Conte, *Newberg on Class Actions* (4th ed. 2002) .................................... 5, 10

5 James Wm. Moore, *Moore's Federal Practice* (3d ed. 2002) .................................................. 11

7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* (1986) ............................. 8

*Manual for Complex Litigation* (Fourth) (2004) ....................................................................... 10

## I.  INTRODUCTION

Lead Plaintiff Acticon A.G. ("Lead Plaintiff") respectfully submits this memorandum in support of the Stipulation of Settlement dated August 19, 2013 (the "Stipulation"), filed concurrently with the Court.

Pursuant to the Stipulation, Lead Plaintiff requests that the Court enter an order: (1) preliminarily certifying the Class for the purposes of settlement; (2) preliminarily approving the terms of the Settlement as set forth in the Stipulation; (3) approving the form and method for providing notice of the Settlement to the Class; and (4) scheduling a Settlement Hearing to consider final approval of the proposed Settlement, the Plan of Allocation of Settlement proceeds, application for an award of attorneys' fees and expenses and an award to Lead Plaintiff, and entry of the final Order and Judgment.

In preliminarily approving the Settlement, this Court must preliminarily be satisfied that this action is properly a class action.  Once the Court conditionally certifies these consolidated actions as a class action, the Court must then approve the form, content, and means of notifying the preliminarily certified Class of the existence of the action and the terms of the Settlement. The Court must then set deadlines for counsel to disseminate and/or publish the notice for Class members to opt out of the Class, for Class members to object to the terms of the settlement, and/or for Class members to file claims.  Lastly, the Court must set a date for a final hearing to determine whether it will approve the Settlement as fair, reasonable, and adequate.  Thus, at this stage, the Court need not engage in a detailed analysis of the fairness of the Settlement, as that is reserved for the hearing on final approval, at which time interested Class Members, Lead Plaintiff and the Settling Defendants may be heard on the matter.

## II.  RELEVANT PROCEDURAL HISTORY

On June 11, 2010, Ricardo Rosado commenced a securities class action in the United States District Court for the Southern District of New York (SDNY) against China North East Petroleum Holdings Limited (the "Company") and others under §§10b and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) & 78t(a) and under SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. *Richard Rosado v. China North East Petroleum Holdings Limited, et al.,* No. 10-cv-4577 (S.D.N.Y. June 11, 2010).  Steven Weissmann and Tony Moore each filed similar (and related) class actions in the SDNY.  *Steven Weissmann v. China North East Petroleum Holdings Limited, et al.,* No. 10-cv-4775 (S.D.N.Y. June 18, 2010); *Tony Moore v. China North East Petroleum Holdings Company, et al.,* No. 10-cv-5263 (S.D.N.Y. July 9, 2010).

By Order dated November 19, 2010, this Court consolidated the related cases, appointed Acticon A.G. as Lead Plaintiff, and approved their choice of Lead Counsel, Pomerantz Grossman Hufford Dahsltrom and Gross LLP.  *See* Civil Docket Sheet for *In re China North East Petroleum Holdings Limited Securities Litigation,* Case #: 1:10-cv-4577 ("Docket") # 37.

On January 14, 2011, Lead Plaintiff filed and served an amended Consolidated Complaint (the "Complaint") alleging violations of Sections 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC") against China North East Petroleum Holding Limited, Wang Hung Jun, Zhang Yang, Robert C. Bruce and Ju Guizhi (collectively, the "China North Defendants"), and Ralph E. Davis Associates, Inc. ("Davis").  *See* Docket # 39 ("Complaint") ¶¶ 1, 21-26.  The Complaint also alleged violations of Section 20(a) of the Securities Exchange Act against the individual defendants.  *Id*. ¶ 1.  The Complaint alleged a class period between May 15, 2008 through May 26, 2010, inclusive (the "Class Period").  Complaint ¶ 1.

2

On March 22, 2011, the China North Defendants and Davis filed motions to dismiss the Complaint.  *See* Docket ## 51-59.  Lead Plaintiff filed an opposition to which Defendants replied.  *See Docket ##* 63-70.  In sum, the motions to dismiss presented issues whether various elements of a securities fraud claim were properly alleged, including, among other elements, loss causation and *scienter*.  Further, at oral argument on the motions, the Court asked for supplemental briefing on the issue whether Lead Plaintiff had alleged economic loss, which the parties later supplied.  *See* Docket # 77, 10:18-11:7.  On October 6, 2011, the Court granted Defendants' motions to dismiss on the basis that Lead Plaintiff failed to allege economic loss.  *See* Docket # 86 at 1-2.  The Court did not reach the other grounds that Defendants advanced for dismissal.  *Id.,* at 6.  The Court ordered the actions dismissed and closed.  *Id.* at 7.  On October 11, 2011, the Clerk entered Judgment and closed the case, giving notice of Plaintiff's right to appeal.  *See* Docket # 87.

On October 27, 2011, Plaintiff filed a Notice of Appeal in the Second Circuit Court of Appeals, appealing the District Court's decision granting Defendants' Motions to Dismiss.  *See* Docket # 88.

The main issue on appeal was whether Lead Plaintiff had adequately alleged economic loss.  Defendants also raised the other pleading issues that formed the basis of their motions to dismiss that this Court, in dismissing the actions, did not reach.  *See Acticon A.G. v. China North East Petroleum Holdings Limited*, 692 F.3d 34, 35-36 (2d Cir. 2012).

On August 1, 2012, the U.S. Court of Appeals for the Second Circuit vacated the District Court's judgment on the issue of economic loss.  *Id.* at 36.  The Second Circuit declined to reach the other pleading issues.  *Id. at* 41.  The Second Court therefore remanded the case to the

District Court for further proceedings.  *Id.* at 41-42. On August 22, 2012, the Second Circuit

issued its mandate formally returning the Litigation to the District Court.

On March 7, 2013, the parties agreed to mediate the dispute before the Honorable

William Cahill (Ret.).  Lead Plaintiff and the Settling Defendants—which are China North East

Petroleum Holdings Limited, Wang Hung Jun, Zhang Yang, Ralph E. Davis Associates, Inc.,

Robert C. Bruce, and Ju Guizhi (collectively "Settling Parties")—engaged in protracted and hard

fought negotiations with respect to a compromise and settlement of the Complaint.  The

mediation was successful, and the parties agreed to a proposed settlement of $2,500,000.

### III. ELEMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS

In preliminarily approving a proposed settlement, this Court first considers whether to

conditionally certify a settlement class.  *See Amchem Products, Inc., v. Windsor*, 521 U.S. 591,

620 (1997) (trial court may disregard management issues in certifying a settlement class, but the

proposed class must still satisfy the other requirements of Rule 23).

Rule 23 of the Federal Rules of Civil Procedure governs certification of class actions.

One or more members of a class may sue as representative parties on behalf of a class if: (1) the

class is so numerous that joinder of all members is impracticable; (2) there are questions of law

or fact common to the class; (3) the claims or defenses of the representative parties are typical of

the claims of defenses of the class; and (4) the representative parties will fairly and adequately

protect the interest of the class.  *See* Fed. R. Civ. P. 23(a).  In addition, an action may be

maintained as a class action if the "court finds that the questions of law or fact common to the

members of the class predominate over any questions affecting only individual members, and

that a class action is superior to other available methods for the fair and efficient adjudication of

the controversy."  Fed. R. Civ. P. 23(b)(3).  In support of their contention that proper and

sufficient grounds for class certification exist under Rule 23(a) and 23(b)(3), Plaintiffs

demonstrate the following:

### A.     Numerosity

Rule 23(a)(1) requires a class be so large that joinder of all members is "impracticable."

Fed. R. Civ. P. 23(a)(1).  Courts generally assume that the numerosity requirement is met in

cases involving nationally traded securities.  *In re EVCI Career Colleges Holding Corp. Sec.*

*Litig.*, 2007 WL 2230177, *12 (S.D.N.Y. July 27, 2007).  Indeed, "numerosity is presumed at a

level of 40 members."  *Consolidated Raid Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d

Cir. 1995).  In this case, although the exact size of the Class is not yet known, the Complaint

alleges that there are at least hundreds, if not thousands of members in the proposed Class, and

that during the Class Period, the Company's stock was actively traded in an efficient market, The

NYSE AMEX Stock Market.  Complaint ¶ 121.  Thus, the numerosity requirement is met.

### B.     Commonality

The commonality element of Rule 23(a)(2) requires that "questions of law or fact are

common to the class."  *EVCI*, 2007 WL 2230177, at *13.  In a securities class action like this

one, the commonality requirement "is applied permissively."  *Id.*  The test or standard for

meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative; that is, there need

be only a single issue common to all members of the class.  Therefore, this requirement is easily

met in most cases.  *Newberg on Class Actions*, § 3.10 (4th).

Where, as here, there are common questions of law and fact pertaining to whether false

statements of material fact were made whether the statements were made with the requisite state

of mind, and what is the proper measure of damages (Complaint ¶ 124), commonality is easily

met.  *See, e.g., Teachers' Retirement Sys. of Louisiana v. ACLN Ltd.*, 2004 WL 2997957, *4

(S.D.N.Y. Dec. 27, 2004) (commonality met when class members injured by same alleged fraudulent scheme).

### C.     Typicality

Rule 23(a)(3) requires that the representative's claim be typical of those of the members of the class.  A representative's claim is typical if each class member's claim arose from the same course of conduct and is based on the same legal theories.  However, "typical" does not mean identical.  *EVCI*, 2007 WL 2230177, at *13.

The heart of this requirement is that plaintiff and each member of the represented group have an interest in prevailing on similar legal claims.  Complaint ¶ 122.  Assuming such an interest, particular factual differences, differences in the amount of damages claimed, or even the availability of certain defenses against a class representative may not render his or her claims atypical.  *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990).

Lead Plaintiff is the proposed Class representative in this case.  Like its fellow members of the proposed Class during the Class Period, Lead Plaintiff Acticon AG purchased China North common stock during the period from May 15, 2008 through and including May 26, 2010, which Plaintiffs allege was artificially inflated by allegedly materially false and misleading statements.  *See* Docket # 81-1 at 14 (List of Purchase and Sales of CNEP Stock by Acticon A.G.).  Typicality is met.

### D.     Adequacy

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class.  This requirement has traditionally entailed a two-pronged inquiry: <u>first</u>, the moving party must show that the interests of the representative parties will not conflict with the interests of Class Members, and <u>second</u>, that counsel chosen by the representative parties is

qualified, experienced, and able to vigorously conduct the proposed litigation.  *EVCI*, 2007 WL

2230177, at *13.  Pursuant to Federal Rule of Civil Procedure 23(g), adequacy of class counsel is

now considered separately from the determination of the adequacy of the class representatives.

In any event, both prongs of the adequacy requirement are satisfied here.  Complaint ¶ 123.

### (i)      Adequacy of the Proposed Class Representative

The court-appointed Lead Plaintiff, Acticon A.G., has no interests antagonistic to

members of the proposed Class.  Like the class generally, Acticon AG representative purchased

China North securities during the Class Period.  The proposed class representative is seeking, on

his own behalf and on behalf of all members, to recover damages caused by alleged unlawful

conduct.  The representative's interests are therefore congruent with, and not antagonistic to, the

interests of other Class Members.

### (ii)      Rule 23(g) Adequacy of the Proposed Class Counsel

Rule 23(g) requires the Court to assess the adequacy of proposed class counsel.  To that

end, the court must consider the following: (1) the work counsel has done in identifying or

investigating potential claims in the action; (2) counsel's experience in handling class actions,

other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge

of the applicable law; and (4) the resources counsel will commit to representing the class.

*Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 182 (S.D.N.Y. 2005).

Lead Counsel is experienced in prosecuting class actions as class counsel and/or lead

counsel and has successfully prosecuted securities class actions in courts throughout the country.

Courts have consistently found Lead Counsel, Pomerantz Grossman Hufford Dahlstrom & Gross

LLP, well suited as class counsel in securities class actions.  Docket # 7 at 11 & Exhibit 4.  Lead

Counsel's expertise in prosecuting complex securities class actions was in evidence in this

action, where it successfully appealed the dismissal of this case on economic loss grounds,

clarifying the standard for assessing economic loss and damages in Section 10(b) cases in this

Circuit.  *See Acticon AG*, 692 F.3d at 38-40 (clarifying the traditional "out of pocket" measure of

damages in light of the PSLRA damages limitation and the Supreme Courts holding in *Dura*

*Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)).

### E.   Common Questions Predominate and the Class Is Superior to Other Methods of Adjudication

After meeting the threshold requirements of Rule 23(a), a plaintiff must establish that the

proposed class meets the requirements of Rule 23(b)(3).  To certify a class under Rule 23(b)(3),

the Court must find that:

> the questions of law or fact common to the members of the class predominate
> over any question affecting only individual members, and that a class action is
> superior to other available methods for the fair and efficient adjudication of the
> controversy.

Fed. R. Civ. P. 23(b)(3).  Here, Lead Plaintiff satisfies the predominance and superiority criteria

of Rule 23(b)(3).

It is well established that in determining whether common questions predominate, the

Court's inquiry should be directed primarily toward the issue of liability.  Indeed, "[w]here, as

here, common questions predominate regarding liability, then courts generally find the

predominance requirement to be satisfied."  *Similow v. S.W. Bell Mobile Sys. Inc.*, 323 F.3d 32,

40 (1st Cir. 2003).  When common questions represent a significant aspect of a case and they can

be resolved in a single action, class action status is appropriate.  *See* 7A Wright, Miller & Kane,

*Federal Practice and Procedure: Civil 2d*, § 1788, at 528 (1986).  "Rule 23(b)(3) requires

merely that common issues predominate, not that all issues be common to the class."  *Smilow*,

323 F.3d at 39.

Here, the existence of common questions and their predominance over individual issues

are exemplified by the fact that if every class member brought an individual action, each plaintiff

would be required to demonstrate the same omissions or misrepresentations to prove liability. Thus, this case illustrates the principle that the predominance requirement is "readily met" in many securities fraud class actions. *Amchem*, 521 U.S. at 625.

Factors relevant to a finding of superiority include:

(a)  the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b)  the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class;

(c)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d)  the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

Many, if not most, of the Class members are individuals for whom prosecution of a costly damages action on their own behalf does not provide a realistic or efficient alternative. Lead Plaintiff is unaware of any other shareholder actions that assert the claims that are set forth in the Complaint.

The Southern District of New York is an appropriate forum because, pursuant to 28 U.S.C. § 1391(b), at the time plaintiffs filed these actions, China North's executive offices was located in this District and its common stock traded on the NYSE AMEX (American Stock Exchange), also located in this District. Complaint ¶¶ 20-21. Additionally, as to Rule 23(b)(3)(D), Lead Plaintiff believes no difficulties will be encountered in the management of this class action and Settlement.

In terms of fairness and efficiency, this Court should balance the merits of certifying a class against other possible methods of adjudication. Absent a class action, this Court would be faced with the task of potentially litigating numerous lawsuits. *See also Smilow*, 323 F.3d at 41

("The core purpose of Rule 23(b)(3) is to vindicate the claims of … groups of people whose individual claims would be too small to warrant litigation").

A class action is the superior method of adjudication and satisfies the requirements of Rule 23(b)(3).  Solely for the purposes of settlement, Settling Defendants do not dispute that the Court should certify the Class in accordance with Rule 23(b)(3).  As such, the Court should conditionally certify the Class for settlement purposes.

## IV.   THE SETTLEMENT MEETS THE CRITERIA NECESSARY FOR THIS COURT TO GRANT PRELIMINARY APPROVAL

### A.  Standards for Preliminary Approval

Pursuant to Rule 23(e), because this is a class action, this Court must ultimately approve the Settlement.  Fed. R. Civ. P. 23(e).  Preliminary approval of the Settlement is the first step before the Court can consider final approval of the Settlement.  *See* 4 H. Newberg & A. Conte, *Newberg on Class Action* (4th ed. 2002) ¶ 11.25 at 38.  In preliminarily approving the Settlement, this Court must preliminarily satisfy itself that this action may proceed as a class action.  As shown, the Court should approve the class action status of this litigation.

Upon satisfying itself that the action may achieve class action status, the Court must then approve the form, content, and means of notifying the preliminarily certified Class of the existence of the action and of the terms of the Settlement.  The Court must then set deadlines for Counsel to disseminate and/or publish the notice, for Class members to opt-out of the Class, for Class members to object to the terms of the Settlement, and/or for Class members to file claims. Lastly, the Court must set a date for a final hearing to determine whether it will approve the Settlement as fair, reasonable, and adequate ("Settlement Hearing").  *See Manual for Complex Litigation* (Fourth), § 21.632 (2004); *see also Dunhaime v. John Hancock Mut. Life Ins. Co.*, 183

F.3d 1 (1st Cir. 1999); *Durret v. Housing Auth. Of Providence*, 896 F.2d 600, 604 (1st Cir. 1990).

Preliminary approval is merely the prerequisite to giving notice that "the proposed settlement … may be submitted to members of the prospective Class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation*, 323 F.Supp. 364, 372 (E.D. Pa. 1970). Preliminary approval does not require this Court to determine ultimately whether the Settlement is fair, reasonable, and adequate. Rather, the Court makes that determination after members of the Settlement Class receive notice of the Settlement and an opportunity to voice their views of the Settlement or to exclude themselves from the Settlement Class. *See* 5 James Wm. Moore, *Moore's Federal Practice* ¶¶ 23.83[1], 23-336.2 to 23-339 (3d ed. 2002); *see also Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007) ("Preliminary approval of settlements should be given if the settlement is the result of serious, informed and non-collusive negotiations and the proposed settlement has no obvious deficiencies, such as giving preferential treatment to class representatives, or granting excessive attorneys fees") (*quoting In re Medical X-Ray Film Antitrust Litig.*, 1997 WL 33320580, *6 (E.D.N.Y. Dec. 26, 1997)).

Accordingly, at this stage of the settlement process, the Court conducts only a preliminary evaluation to determine whether the proposed Settlement is within range of possible final approval.

### B. Preliminary Fairness Review

#### i. The Negotiations Were Fair, Conducted at Arm's-Length, and Supervised by a Nationally Recognized Mediator

The Court first considers the circumstances surrounding the negotiations to ascertain whether any aspect thereof raises an inference of collusion. *City P'ship Co. v. Atlantic*

*Acquisition Ltd. P'ship*, 100 F.3d 1043 (1st Cir. 1996); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement").  Here the proposed Settlement for $2,500,000 (Two Million, Five Hundred Thousand Dollars) is the product of extensive negotiations that spanned the course of several months and included an all-day mediation before nationally regarded mediator, Judge William Cahill (Ret.).  The negotiations were at all times hard-fought and at arm's length, and included counsel for the Company, a representative of the Company, the insurance carrier and its counsel and counsel for Lead Plaintiff.  The mediation started at 10:00 am and lasted into the early evening and was active the entire day.  In the end, these efforts produced a result that the Settling Parties believe is in their respective best interests.  Moreover, there are absolutely no facts that could be taken even to hint at collusion.

> **ii.** **Lead Counsel and Settling Defendants' Counsel Are Highly Experienced and Capable.**

The attorneys who are proponents of the Settlement are highly experienced in this type of litigation.  As the court held in *Lyons v. Marrud, Inc.*, 1972 WL 327, *2 (S.D.N.Y. June 6, 1972), "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits.  They have concluded that compromise is well-advised and necessary. The parties' decision regarding the respective merits of their positions has an important bearing on this case."  Thus, "[a] strong presumption of fairness attaches to proposed settlements that have been negotiated at arm's length."  *Thompson v. Metro Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).  As shown, Lead Counsel have successfully prosecuted and settled numerous securities class actions throughout the country and have a strong reputation in this field, and defense counsel are prominent attorneys also with strong reputations in this field.

### iii.      The Settlement Falls within the Range of Possible Approval.

As shown, the Settling Parties reached the proposed Settlement after protracted, arm's length negotiations and through consideration of the advantages and disadvantages of continued litigation.  Lead Counsel, who has a great deal of experience in prosecution and resolution of complex class action securities litigation, has carefully evaluated the merits of this case and the proposed Settlement.  Even if the matter were to proceed through trial, Lead Counsel knows from experience that the apparent strength of Lead Plaintiff's case is no guarantee against a defense verdict.  Furthermore, even if a judgment were obtained against the Defendants at trial, the recovery might not be greater, and indeed might be less, than the $2,500,000 provided by the proposed Settlement.  As to applicable liability insurance coverage of Settling Defendants, it is only $2,500,000.  Moreover, most of Settling Defendants are Chinese nationals, against whom it is highly unlikely Lead Plaintiff will be able to enforce a judgment.  Indeed, indicative of the financial headwinds the Company, NYSE AMEX delisted China North for failure to file current financial reports.

Thus, a Settlement Amount of $2,500,000 is an excellent recovery.  Based on the analysis of its damages consultant, this $2,500,000 represents approximately 5% of the damages suffered by the Class.  Thus, it is an immediate recovery of a material percentage of the likely provable damages suffered by the Class.

Given the numerous obstacles and risks to be overcome to achieve such a recovery through litigation and at trial, and its attendant delays, the Settlement Amount is well within the range of possible approval and compares to the "average 5.5%-6.2% of estimated losses recovered in securities fraud class [action] settlements since 1995." *In re Charter Commc'ns, Inc. Sec. Litig.*, No. MDL 1506, 2005 WL 4045741, at *6 (E.D. Mo. June 30, 2005) (*citing In re Rite Aid Co. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001)).

Additionally, the proposed Settlement has no obvious deficiencies.  The Settlement provides for payment of $2,500,000, which shall be deposited into an escrow account established by Lead Plaintiff's Counsel within thirty (30) calendar days after the Court issues the order preliminarily approving the settlement and establishing notice procedures ("Preliminary Approval Order"). A copy of the Stipulation of Settlement dated August 16, 2013 (the "Stipulation"), which the Settling extensively negotiated, is filed concurrently with this motion.[1] Additionally, the Settlement does not mandate excessive compensation for Lead Counsel.  As set forth in the Notice of Pendency and Settlement of Class Action, Lead Counsel will apply for an award of no more than one-third (33 1/3%) of the Gross Settlement Fund, for reimbursement of their actual expenses not to exceed $100,000, and for an award to Lead Plaintiff not to exceed $10,000.  Each award is subject to Court approval.

## V. THE PROPOSED NOTICE TO CLASS MEMBERS SATISFIES RULE 23(C)(2)(B).

The Proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), which is attached as Exhibit A to the Stipulation, mandates that no later than sixty (60) calendar days prior the date set for the hearing on the Final Approval of the Settlement, Lead Plaintiff's Counsel shall provide notice to Class Members through mailing of the proposed Notice of Pendency and Settlement of Class Action (the "Notice") to all identifiable Class members, substantially in the form annexed as Exhibit A-1 to the Stipulation, together with a copy of the Proof of Claim and Release, substantially in the form annexed as Exhibit A-2 to the Stipulation.  Lead Counsel will send this notice by first-class mail to each such customer whose name and address are provided by any nominee.

---

[1] Unless otherwise defined in this memorandum, all used capitalized terms have the meanings defined in the Stipulation.

The proposed Notice provides detailed information concerning: (a) the rights of Class Members, including the manner in which objections can be lodged; (b) the nature, history, and progress of the litigation; (c) the proposed Settlement; (d) the process for filing a proof of claim; (e) a description of the Plan of Allocation; (f) the fees and expenses to be sought by Lead counsel; and (g) the necessary information for any Class Member to examine the Court records should they desire to do so.  The Notice also sets forth instructions to securities brokers and other nominee holders for forwarding the Notice to those persons for whom the nominees held shares in street name.

Also within sixty (60) calendar days prior to the Settlement Hearing, Lead Counsel shall publish a Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation, over the internet on *GlobeNewswire* or other similar press release service.

The proposed Notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Thus, the proposed method of notice described above satisfies the requirements of due process.  *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173 (1974).

## VI.   PROPOSED SCHEDULE OF EVENTS

In accordance with the Stipulation, Lead Plaintiff proposes the following schedule of events leading to the Settlement Hearing as set forth in the proposed Preliminary Approval Order filed concurrently with this memorandum:

| Event | Deadline for Compliance |
|---|---|
| Date for Settlement Hearing. | One hundred (100) or more calendar days from entry of the Preliminary Approval Order. (Preliminary Approval Order ¶ 4.) |

| Mailing of Notice and Proof of Claim and Release and Publication of Summary Notice. | No later than sixty (60) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶¶ 8 & 12.) |
|---|---|
| Date for Lead Plaintiff to file papers in support of the Settlement, the Plan of Allocation and for application for award of attorneys' fees and reimbursement of expenses and .award to Lead Plaintiff | Thirty-five (35) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 17.) |
| Filing deadline for requests for exclusion. | Twenty-one (21) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 15.) |
| Filing deadline for objections to settlement. | Twenty-one (21) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 17.) |
| Deadline for filing Proofs of Claim. | Seven (7) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 14(a).) |
| Date to file reply papers in support of the Settlement, the Plan of Allocation and for application for attorneys' fees and reimbursement of expenses and award to Lead Plaintiff | Seven (7) calendar days prior to the Settlement Hearing. (Preliminary Approval Order ¶ 17.) |

This schedule is similar to those used in numerous class action settlements and provides due process for the putative Class members with respect to their rights concerning the settlement.

The parties respectfully request that the Court schedule the Settlement Hearing at least 100 calendar days after entering the Preliminary Approval Order to allow sufficient time for Lead Plaintiff to mail the Notice and Proof of Claim and Release and publish of the Summary Notice, for Class Members to make requests for exclusion, for Lead Plaintiff to file the motion for final approval of the Settlement and the Plan of Allocation and for an award of attorneys' fees, reimbursement of expenses, and an award to Lead Plaintiff, for Class Members to make objections, for Lead Plaintiff to file its reply in support of final approval, and for the Settling Parties to review the requests for exclusion.

**VII.    CONCLUSION**

The Settling Parties reached this Settlement following extensive discussions and arm's-length negotiations.  At this juncture, the Court need not answer the ultimate question whether the Settlement is fair, reasonable, and adequate.  Rather, the Court need only permit notice of the terms of the Settlement to the Settlement Class and schedule a hearing to consider any views expressed by the putative Class Members, the fairness of the Settlement, and Lead Counsel's request for an award of attorneys' fees, reimbursement of expenses, and an award to Lead Plaintiff.  *Moore*, supra, §23.83[1], at 23-336.2 to 23-339.

We respectfully submit that the Settlement should be preliminarily approved and the proposed Preliminary Approval Order entered.  For all the above-stated reasons, Lead Plaintiff requests that the Court (1) certify the Class for the purposes of Settlement; (2) preliminarily approve the Settlement as set forth in the Stipulation; (3) approve the form and manner of notice; and (4) set a Settlement Hearing date for final approval of the proposed Settlement at least 100 days after entering the Preliminary Approval Order.

Dated:   August 19, 2013

<div style="margin-left:40%">

Respectfully submitted,

*/s/  Jeremy A. Lieberman*_____
**POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

</div>

**POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom
Chicago, IL 60603
Phone: 312-377-1181
Fax: 312-377-1184

*Lead Counsel for the Class*

**WEISS & LURIE**
Joseph H. Weiss
James E. Tullman
Mark D. Smilow
551 Fifth Avenue, Suite 1600
New York, New York 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
Timothy W. Brown
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 19th day of August 2013, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Jeremy A. Lieberman*
　　　Jeremy A. Lieberman